### BLISS et al. v. HOLMES.

No. 19753. Opinion Filed Feb. 16, 1932.

Rehearing Denied March 29, 1932.

Louis W. Pratt, for plaintiffs in error.

Tom G. Wiley and A. E. Williams, for defendant in error.

CLARK, V. C. J. Defendant in error was plaintiff below and plaintiffs in error were defendants below. For convenience the parties will be referred to as they appeared in the trial court. Plaintiff filed this action in the district court of Tulsa county for damages against the defendants. She alleged in her petition, in substance, that she was the owner of certain furniture located in the Annex Hotel; that she had advertised the same for sale; that she entered into a contract and agreement to sell the same to Mrs. Joan Park; that the hotel building belonged to the defendants, C. W. Bliss and Nancy A. Bliss; that Mrs. Park had entered into an oral agreement with plaintiff to purchase such property for $4,500—$1,000 down and $100 per month; that she called on the defendants to lease the property for the purpose of operating a hotel therein; that the defendants advised the would-be purchaser, Joan Park, that the property was of little or no value and that she was very foolish to buy that furniture; that it was old and merely "junk," and that she could buy new furniture for what she was giving for the old furniture. Mrs. Park did not consummate the deal and plaintiff was later forced to sell the furniture for $1,350 to a secondhand dealer; that the plaintiff was thereby damaged in the sum of $3,150 by the fraudulent, wrongful, unlawful, and malicious interference and false representations on the part of defendants herein and each of them; that said purchaser so obtained by plaintiff would have consummated said deal and would have entered into said written contract; and that plaintiff would have been able to dispose of her said furniture and fixtures at the price of $4,500.

Plaintiff further alleges that by reason of said unlawful, wrongful, fraudulent, and malicious acts and interferences on the part of defendants and each of them, she was damaged in the amount of $3,150 actual damages and the further sum of $5,000 exemplary damages for the wrongful acts of said defendants.

Defendants answered by way of general denial. The cause came on for trial before a jury and resulted in a verdict in favor of plaintiff against defendants in the sum of $3,150. Motion for new trial was filed, overruled, and the cause was brought here for review.

Defendants in their brief present the following assignments of error:

(1) Said court erred in overruling the demurrer of the plaintiffs in error to the amended petition of the defendant in error.

(2) Said court erred in overruling the motion of plaintiffs in error for judgment in favor of plaintiffs in error upon the opening statement of counsel for defendant in error.

(4) Said court erred in reopening the case after the defendant in error had rested and plaintiffs in error had demurred to the evidence of the defendant in error and allowing defendant in error to recall witnesses for the purpose of supplying a fatal defect.

(5) Said court erred in overruling the demurrer of plaintiffs in error to the evidence on the part of defendant in error.

Joan Park, as a witness, testified that she entered into this contract with Mrs. Holmes, plaintiff, and would have carried the same out but was prevented thereby by the representations of the defendants, who stated to her that the furniture was of no value and was "junk" and that she could buy new furniture cheaper than she could buy the old furniture. Another witness called by plaintiff—G. L. Leach—testified that about the first of March he had a talk with the defendants, Mr. and Mrs. Bliss, and Mr. Bliss told him that some woman was negotiating for the Annex Hotel and was offering Mrs. Holmes $5,000 for it, and that he, Bliss, stated to the prospective purchaser: "I don't see why you would offer her $5,000 for that trash; it isn't worth $1,000." His testimony was to the effect that Mr. and Mrs. Bliss were both present when the conversation was had, and that they had blocked the deal between Joan Park and Mrs. Holmes. The testimony further shows that the furniture was worth approximately $4,000.

The defendants, Nancy Bliss and C. W. Bliss, testified that no conversation was had between them and Mrs. Park, the prospective purchaser, in regard to the furniture trade.

There is one question in this appeal which demands a consideration of this court, and that is: Was it actionable tort for the defendants to make the representations made to Mrs. Park in regard to plaintiff's furniture? There is a conflict in the testimony; however, all questions of fact were submitted to the jury, and this court is not at liberty to disturb the verdict of the jury on questions of fact.

This court in the case of Schonwald v. Ragains, 32 Okla. 223, 122 Pac. 203, in the third and fifth paragraphs of the syllabus said:

"3. It is actionable tort for one to maliciously interfere with a contract between

two parties, and induce one of them to break that contract, to the injury of the other."

"5. 'Malice,' in the sense used herein, means a wrongful act done intentionally, without just cause or excuse."

The act of defendants was wrongful and in the legal sense of the term "malicious" because it was without justification. Defendants in their brief contend they were justified in making the statements made in regard to the contract of plaintiff, but the testimony before the jury, as disclosed by the record, discloses that both defendants denied having any conversation with Mrs. Joan Park in regard to the sale of the furniture by plaintiff to Mrs. Park.

The record discloses that the furniture was disposed of by plaintiff below for the sum of $1,350, that the said sum was a reasonable value of the said furniture at forced sale, and that the act of the defendants below, plaintiffs in error, in inducing the prospective purchaser of said furniture to refuse to carry out her contract forced the plaintiff below, defendant in error, to dispose of said furniture at said price.

The right to contract is a legal right guaranteed to every citizen of Oklahoma. A contract made and entered into in good faith should not be interfered with by third parties, and where third parties interfere with contracts and damage results therefrom, they should be held to account to the loser for said damages. When a man does an act which in law and in fact is wrongful and such an act is made as a natural consequence of it to produce injury to another, and which, in this particular, produces injury, an action for damages will lie. Many cases cited by this court in Schonwald v. Ragains, supra, so hold.

In the case of Rice v. Manley, 66 N. Y. 82, 23 Am. Rep. 30, the Supreme Court said in the syllabus:

"S. agreed to sell and deliver to plaintiff a quantity of cheese. Defendant by fraudulent and false representations induced S. to sell and deliver the cheese to him. The agreement between S. and plaintiff was not in writing, and was void under the statute of frauds, but it would have been performed by S. but for defendant's fraud. Held, that plaintiff could maintain an action against defendant for the damages sustained."

It has been held that if a contract would have been performed but for false and fraudulent representations of a third person, an action will lie against him although the contract could not have been enforced by action.

The common law seeks to protect every person against the wrongful acts of others, and any person or persons who by their wrongful act cause an injury to a third person should be held liable therefor. This cause was tried to a jury with all the facts before it, upon proper instructions of the court, and the sole question is a question of fact. Did defendants wrongfully interfere and cause a breach of contract between plaintiff and her prospective purchaser? And did the same result in damage? This question was presented to the jury, and the jury found against defendants' contention and found for defendant in error.

There is no error in the record that would justify this court to reverse the cause. The judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur. CULLISON and KORNEGAY, JJ., dissent. McNEILL, J., disqualified, not participating.