MASHUNKASHEY v.
MASHUNKASHEY.

No. 29726. April 1, 1941.

Rehearing Denied May 6, 1941.

Application for Leave to File Second Petition for Rehearing Denied May 20, 1941.

*113 P. 2d 190.*

Hamilton & Kane, of Pawhuska, for plaintiff in error.

Jesse J. Worten, of Pawhuska, for defendant in error.

GIBSON, J. This is an action to obtain a divorce and to recover damages for fraud and deceit in inducing plaintiff to enter into an illegal marriage contract.

Divorce was sought on the ground that defendant had a lawful wife living at the time of his marriage to plaintiff (sec. 665, O. S. 1931, 12 Okla. Stat. Ann. § 1271). The second cause sought actual damages resulting from humiliation, injury to reputation, etc. There was also a prayer for punitive damages based upon suitable allegations.

The trial court annulled the marriage and rendered judgment in favor of the plaintiff for $1,000 actual damages and $1,000 exemplary damages.

Defendant objects only to that portion of the judgment awarding damages against him. He made no attempt to deny the marriage, but in avoidance of his illegal act alleged that he was too far under the influence of liquor to understand the nature of his act. He also alleged and attempted to prove that the plaintiff had a living husband from whom she had never been divorced, and for that reason she was entitled to no damages, actual or punitive, asserting in this respect that the parties were in pari delicto, and, under the law, are to be left where they have placed themselves so far as personal recovery is concerned.

There was much evidence that the defendant was a victim of periodic drunkenness wherein he may have been unaccountable for his acts. But we agree with the trial court that at the time of the pretended marriage the defendant was sufficiently sober to understand full well the nature and magnitude of the act. The evidence amply supports this conclusion.

We further agree with the trial court that the validity of plaintiff's decree of divorce from her husband was immaterial in this case; that she believed herself duly divorced and was not in bad faith, and therefore not in equal degree of guilt with defendant in this particular, and was consequently not deprived of the right to recover damages on the theory that the parties stood in pari delicto with reference to the illegal marriage contract.

Defendant contends that there was not sufficient evidence to support the judgment for damages.

The prayer for damages was based on the allegations of injured reputation, mental suffering, and humiliation. There was no allegation of specific pecuniary loss or detriment. Therefore, in awarding damages there was nothing of a tangible nature upon which to base the pecuniary detriment suffered.

Injury to reputation will support an action for damages; but mental pain and suffering alone will ordinarily constitute but an element of damages. The latter is seldom a sufficient basis upon which to predicate an action. Usually it is compensable only when made an element of damages in an action based upon a wrong which in itself is actionable. 17 C. J. 828, 831, §§ 151, 152; St. Louis & S. F. R. Co. v. Keiffer, 48 Okla. 434, 150 P. 1026; Koons v. Shelburne Motor Co., 167 Okla. 634, 31 P. 2d 573. But mental pain and suffering may constitute the basis of an independent action in cases of willful wrong of the character where mental suffering is recognized as the ordinary, natural, and proximate result of such wrong. 17 C. J. 832. See, also, Western Union Telegraph Co. v. Foy, 32 Okla.

801, 124 P. 305. To fraudulently induce one to enter into a bigamous marriage contract would constitute such a wrong, and the resulting mental pain and suffering would support an independent action for damages.

But here, mental pain and suffering was not pleaded in an independent action, but as an element of damages in an action for injury to character resulting from the bigamous marriage induced by defendant. In any event mental pain and suffering constituted a ground of recovery in this case. Even if plaintiff failed, as defendant asserts, to prove damage to her character, she could still show mental pain and suffering, and recover therefor, since such pain and suffering constituted sufficient ground upon which to predicate her actions for deceit.

In view of all the evidence, especially the plaintiff's own testimony, it is doubtful whether plaintiff's reputation suffered materially by reason of the bigamous marriage. Two months prior to the marriage the parties met as strangers on the streets of Claremore. In the interim they visited hotels and tourist camps where they registered and stayed together as husband and wife. It is clear that the morals of both were at a low ebb.

From the standpoint of immoral conduct, aside from criminal guilt, the parties were in equal degree of guilt up to the time of the marriage. But plaintiff was innocent of the fact that the defendant had an undivorced wife. Her low and questionable reputation may have suffered still more after the illegal marriage became generally known; and the illegal marriage may have brought her some mental pain and suffering. None but herself can accurately say that it did not. The trial court has said that through damage to character and for mental pain and suffering the plaintiff has sustained actual damages in the sum of $1,000. The evidence is such that the law favors a recovery. We cannot say that $1,000 is not a fair compensation. There is little reason to believe that the plaintiff's character and reputation were injured, but as to mental pain and suffering, the court, or the jury, as the case may be, is authorized to award such a sum as in its discretion will reasonably compensate the plaintiff under the circumstances. 17 C. J. 925, § 222. There is no method of accurate measurement of damages. The sum to be awarded is governed largely by the mental reaction of the jury, or court, based upon their own knowledge and experience in observing human nature as affected by the particular facts and circumstances.

Turning now to the item of $1,000 for exemplary damages, the defendant's argument that such damages are entirely dependent on the recovery of actual damages (Western Union Telegraph Co. v. Garrett, 59 Okla. 50, 158 P. 619) is disposed of by our holding above with regard to actual or compensatory damages.

Next, defendant asserts that since the action is one primarily for divorce, it is of purely equitable cognizance, and for that reason statutory punitive damages may not be recovered. Sec. 9962, O. S. 1931, 23 Okla. Stat. Ann. § 9; Mid-Continent Petroleum Corp. v. Bettis, 180 Okla. 193, 69 P. 2d 346.

A divorce case is of purely equitable cognizance (Hayes v. Hayes, 178 Okla. 206, 62 P. 2d 62), and the right to exemplary damages under § 9962 is restricted to actions where the parties are entitled to a trial by jury. Bettis Case, above. But the plaintiff declared upon two independent causes of action in this case, one for divorce, which is equitable, the other, for damages, which is a law action. Neither cause is dependent upon or paramount to the other, though they may be founded on the same facts. In such case the court is required to submit the law action to the jury, unless jury is waived. State ex rel. Dabney v. Wm. Cameron & Co., Inc., 147 Okla. 1, 294 P. 104. The rule is there stated as follows:

"Where the plaintiff declares upon two causes of action, one cognizable in law, the other in equity, and neither remedy is paramount to or a foundation for the other, the court at his discretion may submit the equity case to a jury, but he is required to submit the law case to a jury, unless the same has been waived."

Here, the action for divorce was not necessary to or dependent upon the action for damages. The purpose of the two actions was entirely different. Therefore the one for damages remained a law action notwithstanding the plaintiff also sought a divorce.

The defendant was guilty of fraud in marrying plaintiff while he had an undivorced wife. The case is one where punitive damages are authorized by said section 9962, and in view of the nature of the fraud and the financial worth of the defendant, the sum of $1,000 does not appear excessive. Since jury was waived, the court could properly assess the damages.

The judgment is affirmed.

CORN, V. C. J., and BAYLESS, HURST, and ARNOLD, JJ., concur.