305 So.2d 787 (1974)
Mary Belle MIMS, Appellant,
v.
Robert Fred MIMS, Appellee.
No. 73-385.
District Court of Appeal of Florida, Fourth District.
October 31, 1974.
*788 Joel T. Daves III, of Burdick & Daves, West Palm Beach, for appellant.
Robert F. Griffith, Jr., of Griffith & Moore, Boynton Beach, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
Mrs. Mims sued her then, now ex-husband for compensatory and punitive damages based upon an asserted cause of action which must be unique in the history of Anglo-American jurisprudence. She claimed that Mr. Mims had induced her to marry him with false and fraudulent protestations of love; that, however, he left her after only ten days of married life (in a home he purchased for them), then told her he did not love her and that she would have to leave, and finally harassed and threatened her with physical injury. Mrs. Mims contended that all of these actions were accomplished by Mr. Mims with wilfulness and malice; that he intended to cause her "severe emotional distress" and that he succeeded in this aim. While the trial judge was no doubt impressed by the creativity of Mrs. Mims' counsel, he was not impressed by the legal sufficiency of his product and dismissed the complaint *789 with prejudice. We share his feeling, agree with his ruling, and affirm the judgment below.
As the plaintiff points out here, there is no authority which says that her complaint does not present a viable cause of action. This is so, however, simply because as Judge Boyer said in Price v. Gray's Guard Service, Inc.. Fla.App. 1974, 298 So.2d 461, 464,
"Never before has anyone had the intestinal fortitude[1] to bring suit under such circumstances."
And there are, in turn, several separate reasons for this being true.
In the first place, and on a purely technical basis, it seems clear that there can be no recovery for any tort which is committed, as these allegedly were,[2] by one spouse against another during the course of their marriage. Bencomo v. Bencomo, Fla. 1967, 200 So.2d 171 cert. den., 389 U.S. 970, 88 S.Ct. 466, 19 L.Ed.2d 461 (1968); Corren v. Corren, Fla. 1950, 47 So.2d 774; see Amendola v. Amendola, Fla.App. 1960, 121 So.2d 805.
But there are even more persuasive bases than the application of this rule  which is somewhat archaic when applied in some contexts, though not in this one  for the preclusion of a claim such as Mrs. Mims. The primary one lies in the demands of public policy which require, as we see it, that domestic quarrels  who did what to whom before and during a marriage  should not be the subject of damage suits and jury trials. The public policy to this effect was expressed in F.S. § 771.01 et seq., which outlawed damage claims for alienation of affection or breach of contract to marry in our state. See Liappas v. Augoustis, Fla. 1950, 47 So.2d 582. While  probably because no one ever even considered that such a cause of action could exist, much less actually existed  the statute does not by its terms eliminate the present claim, the policy behind it applies with even greater force here. For unlike the causes of action named, which involve claims between persons who never did marry each other, or between a married person and another who allegedly "interfered" with the marriage, this asserted cause of action would, if upheld, require a jury to assess the rights and wrongs of married persons inter se.
To the extent that these claims are cognizable, they are properly so only insofar as they affect the "equities" to be weighed by the chancellor in determining the financial aspects of the judgment in a dissolution action.[3] See F.S. § 61.08(2). But to permit this complaint to stand would simultaneously be to destroy the beneficent effects of the "no-fault" dissolution statute, F.S. § 61.001 et seq., and to turn every, or almost every, dissolution case into two cases  one to secure a dissolution *790 from the chancellor, and another, to secure damages from a jury or trial judge, for the "wrongs" done by a tortious spouse. It is not parading the horribles so to put the question, nor to state that no Court could permit such a result.[4]
Affirmed.
OWEN, C.J., and CROSS, J., concur.
NOTES
[1] Purely as a matter of personal taste, the present writer would have used the term, "chutspah."
[2] Even if it be assumed that some wrongful conduct occurred before the marriage, it should nonetheless not be actionable since this case was commenced during the marriage, and even a subsequent dissolution could not cure a defect which existed when it began. Meredith v. Long, 96 Fla. 719, 119 So. 114 (1928).
[3] This was the basis of the ruling of the trial judge in this case who granted the motion to dismiss on the ground that "... the parties are involved in a pending dissolution action ..."

We are told that, prior to the final judgment of dismissal of this case, the parties were granted a final judgment of dissolution in which Mr. Mims was ordered to pay Mrs. Mims $3,000.00 "in settlement of all claims." We cannot consider the appellee's claim of collateral estoppel, see Gordon v. Gordon, Fla. 1952, 59 So.2d 40, which is based on this judgment both because it is not properly in the record before us and because the defense is an affirmative one which does not appear on the face of the complaint which was dismissed below. Nonetheless, the asserted manner in which the dissolution case terminated pointedly illustrates the fact that that case was the only proper forum for the consideration of the contentions made in this attempted damage action.
[4] The appellant places almost her entire reliance on Mashunkashey v. Mashunkashey, 189 Okla. 60, 113 P.2d 190 (1941), in which the court upheld a claim for damages, based on an allegation that the defendant had fraudulently induced the plaintiff into a bigamous marriage with him. While, in the light of what we have said, it is dubious that we would follow that case even on its own facts, it is a long way from proving fraud in the misrepresentation of an objective fact, like having another wife, to establishing a claim that "he lied when he said he loved me," which is involved in this case.