378 So.2d 1352 (1980)
Anthony L. TAYLOR, Appellant,
v.
Maxine D. TAYLOR, Appellee.
No. 79-784.
District Court of Appeal of Florida, Third District.
January 22, 1980.
Ser, DeCardenas, Levine, Busch & Allen, Miami, for appellant.
Michael Lechtman, North Miami Beach, for appellee.
Before HENDRY and SCHWARTZ, JJ., and VANN, HAROLD (Ret.), Associate Judge.
*1353 SCHWARTZ, Judge.
On this appeal from a final judgment of dissolution, the husband primarily complains that the provision for rehabilitative alimony in the amount of $100 per week for two years was unjustified and excessive. As he contends, the record clearly shows that the trial judge based this award upon the fact that, during the marriage, Taylor had physically abused, or, as the lower court aptly put it, "brutalized" his wife. It is established that, under some circumstances, such misconduct may indeed properly be considered in the determination of the financial aspects of a "no-fault" dissolution proceeding. It would have been entirely appropriate, for example, to provide for support during any period shown to be required for Mrs. Taylor to recover from or to secure treatment for any injuries inflicted by her husband.[1] See Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973). Evidence of such conduct may likewise be taken into account in determining which spouse should bear the brunt of the fact that the dissolution renders it economically impossible for the parties to live separately in the life-style they maintained when living together.[2]Williamson v. Williamson, 367 So.2d 1016, 1019 (Fla. 1979); cf. also Smith v. Smith, 378 So.2d 11 (Fla. 3d DCA 1979), and cases cited at 15.
Nevertheless, the purpose of alimony is only to require that the needs of one spouse be met by the other to the extent that he or she has the ability to pay. Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976); Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976). It was improper, therefore, instead to employ such an award, as it was below,[3] as a means of punishing the spouse from whom alimony was sought,[4] or, in effect, as a substitute for a money judgment in a personal injury case.[5]Williamson v. Williamson, supra, at 367 So.2d 1016; Smith v. Smith, supra, at 15; Cornelius v. Cornelius, 375 So.2d 1089, 1092 (Fla. 1st DCA 1979); Klaber v. Klaber, 133 So.2d 98 (Fla. 2d DCA 1961). Since the alimony award was thus based upon the trial court's application of an erroneous rule of law, see Cambest v. Cambest, 367 So.2d 686 (Fla. 3d DCA 1979), that aspect (paragraph 4) of the judgment below must be vacated so that the issue may be reconsidered in the light of the stated principles and authorities.[6]
We find no merit in any of the other points raised by the appellant. The provision for the husband to pay any medical and dental expenses caused by his conduct; the disposition of the parties' furniture and the security deposit on their apartment; as well as the requirement that Taylor pay his wife's reasonable attorney's fees, were all well within the trial court's discretion. Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Creel v. Creel, 378 So.2d 1251 (Fla. 3d DCA 1979); Winner v. Winner, 370 So.2d 845, 847 (Fla. 3d DCA 1979).
Affirmed in part, reversed in part and remanded.
NOTES
[1] The wife made no such showing below.
[2] The record does contain some evidence that this had occurred in the present case.
[3] That this is just what took place is demonstrated most forcefully by the following colloquy between the husband's counsel and the court at the conclusion of the trial:

"MR. LUCAS: My only response is, Judge, I do not believe alimony is supposed to be punitive and that is the whole way it is handled. It would be punitive.
THE COURT: He should have thought of that before he beat her up."
[4] Contrast the situation referred to in Smith v. Smith, supra, at 15, in which the rights of the spouse claiming alimony may be adversely affected by his or her misconduct. E.g., Martin v. Martin, 366 So.2d 475 (Fla. 3d DCA 1979).
[5] It is perhaps unfortunate that no such action lies under the present state of the Florida law. Bencomo v. Bencomo, 200 So.2d 171 (Fla. 1967), cert. denied, 389 U.S. 970 (1968); cf. Raisen v. Raisen, 379 So.2d 352 (Fla. 1979); Mims v. Mims, 305 So.2d 787, 789 (Fla. 4th DCA 1974).
[6] The court may, in its discretion, take further testimony upon remand.