406 So.2d 650 (1981)
Wilma Lee HOLCOMB, Plaintiff-Appellee,
v.
Eugene Edward KINCAID, Defendant-Appellant.
No. 14702.
Court of Appeal of Louisiana, Second Circuit.
November 2, 1981.
Rehearing Denied December 10, 1981.
Bodenheimer, Jones, Klotz & Simmons by David B. Klotz and William E. Byram, Shreveport, for defendant-appellant.
Fayard & Snell by A. R. Snell, Bossier City, for plaintiff-appellee.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
En Banc. Rehearing Denied December 10, 1981.
PRICE, Judge.
Plaintiff, Wilma Lee Holcomb, brought this action for fraud against defendant, Eugene Edward Kincaid. The jury awarded her $200,000, and from this judgment defendant has appealed. For the reasons assigned, we reduce the amount awarded to $5,000 and otherwise affirm the judgment.
The allegations of fraud leveled against defendant by plaintiff in this matter arise *651 out of an illegal marriage relationship and its subsequent dissolution after a period of some 12 years.
Plaintiff and defendant, residents of Caddo Parish, were both married to different spouses in 1965 when they decided to get married. Desiring to obtain divorces from their respective spouses as quickly as possible, they moved to Arkansas to establish residence. On the advice of their mutual Arkansas attorney, plaintiff obtained her divorce first, and defendant went into court a month later to obtain his. On June 30, 1965, the judge took the petition for divorce under advisement. On July 2, 1965 plaintiff and defendant were married. Thereafter, on July 16, 1965, the Arkansas judge rendered a decree of divorce in favor of defendant.
In 1977 plaintiff filed for a separation. Defendant reconvened based on abandonment and plaintiff converted her suit to divorce based on adultery. Defendant then reconvened for annulment of the marriage. An annulment was rendered in 1977. At the annulment proceeding the trial judge found plaintiff to be a good faith putative spouse and awarded her alimony. She later received her share of the community property.
Plaintiff filed the present suit, alleging fraud by the defendant for concealing his marital status at the time of their marriage. She prayed for damages for lost wages and retirement pay, humiliation, embarrassment, indignation, and mental anguish and suffering. A jury awarded her a lump sum award of $200,000. Defendant appeals contending (1) plaintiff has no cause of action under La.C.C. Art. 2315; (2) the judgment is clearly contrary to law and evidence; (3) the trial judge erred in not giving an instruction that the jury should consider plaintiff's failure to call witnesses to corroborate her testimony; and (4) the jury abused its discretion in setting the amount of the award.
On this appeal defendant contends the trial court erred in not sustaining his exception of no cause of action. He contends that Louisiana C.C. Arts. 117 and 118 provide for the exclusive remedies of putative spouses, and since plaintiff has received her share of the community property and is receiving alimony, she has received everything she is legally entitled to as a putative spouse. He further contends that to uphold plaintiff's cause of action and to grant recovery would lead to a variety of tort suits between legal and putative spouses.
The Louisiana Supreme Court recognized that a C.C. Art. 2315 wrongful death action is a civil effect inuring to the benefit of a putative spouse of an invalid marriage. King v. Cancienne, 316 So.2d 366 (La.1975). The court has further ruled that an award for alimony to a good faith putative spouse could be based on C.C. 160 and C.C. 2315. Cortes v. Fleming, 307 So.2d 611 (La.1973).
The Louisiana jurisprudence has apparently never considered the specific issue here presenteda request for damages because of a fraudulent inducement to marry. However, other jurisdictions that have considered this question have recognized such a cause of action. For example, in McGhee v. McGhee, 82 Idaho 367, 353 P.2d 760 (1960), the Idaho Supreme Court made the following comment concerning this area of the law:
It is the duty of a person once married to know, before entering again into a marriage relationship, that the previous marriage has been dissolved. The appellant having preferred marriage to respondent and held himself out as one capacitated and qualified to enter into the marriage relationship and having entered into such relationship when he, in fact, had no such capacity, he therefore perpetrated a fraud upon respondent.
A woman also has such a cause of action (tort) against a man where she enters into a marriage with him, misled by his misrepresentations or concealment to believe that he has capacity to marry her, at least where she subsequently cohabits with him believing herself to be his wife.
Damages in an action by a woman against a man for fraud in inducing her to enter into a marriage are not limited *652 to pecuniary loss, but cover change of single status, humiliation, disgrace, mental anguish, and deprivation of that conjugal society comfort, and attention to which one is entitled by reason of the change from single to marital status. Such damages are naturally somewhat speculative, depending on the circumstances of the particular cases and their computation is largely in the discretion of the jury.
The following cases also recognized a similar cause of action: Mashunkashey v. Mashunkashey, 189 Okl. 60, 113 P.2d 190 (1914); Morrill v. Palmer, 68 Vt. 1, 33 A. 829 (1895); Larson v. McMillan, 99 Wash. 626, 170 P. 324 (1918); Humphreys v. Baird, 197 Va. 667, 90 S.E.2d 796 (1956).
All of the cases cited above considered damages only for mental anguish; there was no mention of the offended party having other rights accorded by law for alimony or a division of community property. However, the Supreme Court of Michigan in Sears v. Wegner, 150 Mich. 388, 114 N.W. 224 (1907) held there was a cause of action for fraudulent inducement to marry, and awarded support payments for the putative wife and her children in addition to damages for mental anguish and suffering.
Since there is no Louisiana precedent to guide us in resolving this issue, we find the decisions in the other jurisdictions persuasive. Following those decisions, we find that plaintiff's petition does state a cause of action. There is nothing in the wording of C.C. Arts. 117 and 118 that would preclude a cause of action under C.C. Art. 2315. We do not intend by our holding to create additional causes of action in the matrimonial relationship where the rights of the parties are prescribed and restricted by the Civil Code. Our holding is limited to those instances where a person has fraudulently induced another to enter into a marriage contract. There is no public policy reason for limiting a person's right to recover from someone who concealed his marital status from him.
We next consider whether the jury was clearly wrong in finding defendant guilty of fraud. There is documentary proof in the record of defendant obtaining his final divorce decree after his marriage to plaintiff. At the annulment proceeding defendant testified he knew he was not free to marry plaintiff. We conclude there was ample evidence in the record to substantiate the jury's finding of fraud.
Defendant complains the trial judge erred in not instructing the jury that it should consider plaintiff's failure to call witnesses who could corroborate her testimony. The trial judge gave a general instruction that a party's failure to call a witness who has some particular knowledge concerning an aspect of the case creates a presumption they would have testified against him. We find the trial judge's instruction was sufficiently broad to adequately instruct the jury on this issue.
The final issue for our consideration is whether the jury abused its much discretion in awarding plaintiff $200,000. Since it was a lump sum award, it is impossible to determine whether it was compensation solely for her mental anguish, or whether it allowed for lost wages and retirement pay. In any event, we believe any sum the jury might have allowed for lost wages and retirement pay was improper. Plaintiff was not working at the time of their marriage, nor did she ever hold a job during the 12 years of her marriage. It is highly speculative whether she would have resumed her teaching career even if defendant had not disapproved of her doing so. Regarding her claim of mental anguish, the evidence in the record shows that she suffered only temporarily from a nervous condition, and that her emotional upset could have been as much the result of the breakdown in her personal relationship with defendant as the learning that her marriage with defendant was a nullity.
The jury in this instance has clearly abused its discretion in awarding such a large amount on the evidence presented. Any sum over $5,000 would necessarily have to have been punitive in nature and not allowable under the law of this state. We *653 therefore reduce the award to the sum of $5,000.
For the foregoing reasons, the judgment is amended to reduce the award to the sum of $5,000 and as amended the judgment is affirmed at appellant's cost.