**Paul WILLIAMS,**
**Appellant/Cross-Appellee,**

v.

**ABS ENTERPRISES, INC., an Oklahoma Corporation,**
**Appellee/Cross-Appellant.**

**Nos. 64265, 64267.**

Court of Appeals of Oklahoma,
Division No. 3.

Feb. 10, 1987.

855

Walter Jenny, Jr., Oklahoma City, for appellant/cross-appellee.

Michael F. Muldowney, Oklahoma City, for appellee/cross-appellant.

HANSEN, Judge:

Plaintiff filed the present action for damages for retaliatory discharge under the Workers' Compensation Act, 85 O.S.1985 §§ 5, 6. The trial court entered judgment in his favor on a jury verdict in the amount of $10,920. Plaintiff appealed, arguing the trial court erred in striking his claim for damages for mental anguish and in refusing to instruct the jury on punitive damages. Defendant filed a separate appeal arguing the trial court did not instruct the jury on the correct burden of proof. The Supreme Court consolidated the two appeals, denominating Plaintiff as Appellant/Counter-Appellee and Defendant as Appellee/Counter-Appellant.

The issues involved herein are questions of law; thus, the facts giving rise to Plaintiff's discharge are not relevant. In his appeal Defendant submits a person claiming relief under Oklahoma's retaliatory discharge statute must prove the retaliatory intent was the *sole* reason for his discharge. The trial court did not instruct the jury in this manner. 85 O.S. 1981 § 5 provides:

"No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties."

Defendant's appeal may be decided by reference to a recent Supreme Court decision dealing with burden of proof under this statute, *Thompson v. Medley Material Handling, Inc.*, (1987), 732 P.2d 461 [1]. In *Thompson* the Supreme Court held the trial court erred in instructing the jury the plaintiff had the burden of proving the *sole* reason for his discharge was retaliation for exercising his rights under the Workers' Compensation Act. It held "when retaliatory motivations comprise a significant factor in an employer's decision to terminate an employee, even though other legitimate reasons exist to justify the termination the discharge violates the intent of Section 5". That decision is dispositive of Defendant's only basis for reversal. The trial court was correct in refusing to instruct the jury that retaliatory intent must be the sole reason for Plaintiff's discharge in order to find in his favor.

The trial court struck Plaintiff's prayer for damages for mental anguish prior to trial. However, it retained the issue of punitive damages until the evidence was presented. It then refused to instruct on punitive damages stating "there was no evidence in the record from which a jury could reach the conclusion there was malice or wreckless disregard, the elements necessary for punitive damages". Plaintiff claims this is error. He argues reasonable damages allowed by 85 O.S. 1981 § 6 should include punitive damages. This section provides:

A person, firm, partnership or corporation who violates any provision of Section 5 of this title shall be liable for *reasonable damages* suffered by an employee as a result of the violation. An employee discharged in violation of the Workers' Compensation Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.[2] (emphasis supplied)

In *Webb v. Dayton Tire and Rubber Company*, 697 P.2d 519 (Okla.1985) the Supreme Court held it proper and necessary that punitive damages be assessed against an employer under appropriate circumstances in strict conformity with the purpose therefor, to prevent the practice of retaliatory discharge. It stated "(I)n the absence of the deterrent effect of punitive damages there would be little to dissuade an employer from engaging in the practice of discharging an employee for filing a Workman's (sic) compensation claim" [3]. Clearly punitive damages were available to Plaintiff by virtue of this decision.

■ The entire transcript of testimony was not included in the designation of record. In his brief, Plaintiff points to no evidence on which the trial court might have based an instruction on punitive damages under 23 O.S. 1981 § 9.[4] Even so we believe under the retaliatory discharge statute, if there is sufficient evidence to send the case to the jury for a determination of actual damages the trial court must instruct on punitive damages. Inherent in the concept of retaliation is an intent to inflict injury in return for an injury. "Revenge" as such implies malice and oppression under 23 O.S. 1981 § 9. The trial court should have instructed the jury on punitive damages.

■ Plaintiff's final proposition of error is also meritorious and warrants reversal. He argues the trial court erred in striking his prayer for damages for mental anguish from his petition. It was the trial court's opinion that reasonable damages were for monetary loss and reinstatement to the job only.

1. The mandate has not yet issued as of the date of this opinion.

2. The Legislature amended this section by Laws of 1986 C222 § 9, effective November 1, 1986, by specifically including punitive damages but limiting them to $100,000.

3. *See also Webb v. Dayton Tire and Rubber Co.*, 697 P.2d 519, 524 (Okla.1985) Opala, J. specially concurring.

4. This section provided:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."
The statute has since been amended.

The Oklahoma Supreme Court has not addressed this particular issue. However, Oklahoma courts have awarded damages for mental anguish unaccompanied by physical injury in other circumstances involving intentional violations of human rights.[5] In *Malik v. Apex Intern. Alloys, Inc.*, 762 F.2d 77 (10th Cir.1985), a diversity action, the jury awarded damages for plaintiff's mental pain and suffering which resulted from his wrongful termination. The 10th Circuit affirmed, quoting *Webb v. Dayton Tire and Rubber Company, supra,* and concluded the Oklahoma Supreme Court would, if faced with this case, allow recovery of damages for mental anguish. We agree. As stated by one writer, "(I)t takes little foresight to acknowledge that a person whose employment is terminated is going to suffer mental anguish, embarrassment and even humiliation. The degree of such anguish and the amount of compensation an employee is entitled to is, of course, a matter for the jury to determine".[6] Accordingly, we hold damages for mental anguish may be recovered under § 6 when an employee is discharged for filing a Workers' Compensation claim. It was therefore error to strike Plaintiff's prayer for damages for mental anguish.

Accordingly, the order is AFFIRMED IN PART, REVERSED IN PART AND REMANDED for a new trial in accordance with this opinion.

HUNTER and BAILEY, JJ., concur.

---

5. See *Bennett v. City National Bank and Trust Co.,* 549 P.2d 393 (Okla.App.1975); *Reeves v. Melton,* 518 P.2d 57 (Okla.App.1973); *Mashunkashey v. Mashunkashey,* 189 Okla. 60, 113 P.2d 190 (1941).

6. Gloyd L. McCoy, *A Primer on the Oklahoma Retaliatory Discharge Act,* 56 O.B.J. 715 (1986).