986 F.2d 1426
 61 USLW 2499, 8 IER Cases 224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eva ALBERTY, Plaintiff-Appellee,
v.
TYSON FOODS, INC., a Delaware Corporation, Defendant-Appellant.
 No. 92-7047.
 United States Court of Appeals, Tenth Circuit.
 Dec. 30, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Tyson Foods, Inc. (Tyson) appeals the judgment of the United States District Court for the Eastern District of Oklahoma awarding compensatory and punitive damages to plaintiff-appellee Eva Alberty on her claim of retaliatory discharge. We affirm in part and reverse in part.
 
 
 3
 Ms. Alberty was employed by Tyson for fourteen years as a chicken processor. In June 1989, she began experiencing difficulties with her wrists and hands. She was diagnosed as suffering from bilateral carpal tunnel syndrome, and eventually underwent two surgeries. In April 1990, Ms. Alberty ceased working and filed a workers' compensation claim.
 
 
 4
 Ms. Alberty was granted a leave of absence from Tyson in April 1990. This leave of absence was extended on several occasions, through August 20, 1990. On that date, the company alleges that it told Ms. Alberty's husband that she would be required to fill out a new request for leave of absence, with supporting documentation, every thirty days. On October 30, 1990, Tyson sent Ms. Alberty a letter informing her that the failure to return to work after her leave of absence expired was deemed a voluntary termination of her employment. In May 1991, Ms. Alberty's doctor determined that she would never be able to return to her former job.
 
 
 5
 Ms. Alberty brought an action against Tyson, alleging that she had been discharged in retaliation for her filing of a workers' compensation claim. By agreement, the claim was referred to a magistrate judge, who found that Tyson's alleged reason for terminating Ms. Alberty was pretextual. Finding that the discharge was significantly motivated by retaliation for the exercise of her rights, the magistrate judge awarded Ms. Alberty $20,640.00 in future damages, including one year of rehabilitation, and $5,000.00 to compensate Ms. Alberty for her emotional distress. The court also awarded punitive damages in the amount of $50,000.00.
 
 
 6
 Our jurisdiction over this diversity case stems from 28 U.S.C. § 1291 and 28 U.S.C. § 1391. We review de novo the district court's determination of Oklahoma state law. Salve Regina College v. Russell, --- U.S. ----, 111 S.Ct. 1217, 1221 (1991).
 
 
 7
 Tyson first contends that Ms. Alberty was not entitled to bring the retaliatory discharge action because she was not physically capable of performing her job when she was terminated. When she was discharged, Section 5 of the Oklahoma Workers' Compensation Act provided that:
 
 
 8
 No ... corporation may discharge any employee because the employee has in good faith filed a claim ... under the provisions of Title 85 of the Oklahoma Statutes.... Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.
 
 
 9
 1976 Okla.Sess.Laws ch. 217, § 1 (current version at Okla.Stat. tit. 85, § 5).
 
 
 10
 Ms. Alberty was not terminated, however, because she was unable to perform her duties. Rather, the company expressly relied on her failure to renew her leave of absence application every thirty days. Thus, Ms. Alberty's inability to perform her job may not now be used to justify her termination from Tyson. See Buckner v. General Motors Corp., 760 P.2d 803, 810 (Okla.1988) (although employer may discharge employee who is unable to perform job, such justification is unavailable when the "employer insists that the worker was fired for loitering rather than for any physical incapacity").
 
 
 11
 Tyson next contends that the magistrate judge erred in computing the damages to which Ms. Alberty was entitled. The Workers' Compensation Act set out the following remedies for a retaliatory discharge:
 
 
 12
 [A] ... corporation who violates any provision of Section 5 of this title shall be liable for reasonable damages, actual and punitive if applicable, suffered by an employee as a result of the violation. An employee discharged in violation of the Workers' Compensation Act shall be entitled to be reinstated to his former position. Exemplary or punitive damage awards made pursuant to this section shall not exceed One Hundred Thousand Dollars ($100,000.00). The burden of proof shall be on the employee.
 
 
 13
 1986 Okla.Sess.Laws ch. 222, § 9 (repealed 1992).
 
 
 14
 Tyson argues that because Ms. Alberty remained disabled from the time she was discharged until she was declared permanently disabled, no pecuniary loss resulted from her discharge and the $20,640.00 award was improper. We agree.
 
 
 15
 The remedial statute authorized compensation only for those damages suffered "as a result" of the retaliatory discharge. Id. Here, the magistrate judge awarded compensation for lost wages from the date of discharge until May 1, 1991. Because Ms. Alberty remained totally disabled during this period, she could not have returned to work even if she had not been discharged. Rather, she would have been paid the same workers' compensation benefits that she has already received. Therefore, Ms. Alberty's lost wages did not result from the retaliatory discharge, and were not compensable.
 
 
 16
 For the same reason, compensation for a year of rehabilitation should not have been awarded in this tort action. Although Ms. Alberty may be entitled to vocational rehabilitation at Tyson's expense, see Okla.Stat. tit. 85, § 16, such costs stem directly from her injury and are more appropriately awarded as workers' compensation benefits.
 
 
 17
 Tyson also argues that the evidence was insufficient to support an award of $5000.00 in damages for Ms. Alberty's emotional distress. Because the record contains more than enough evidence to support this award, we affirm this portion of the court's order.
 
 
 18
 Finally, Tyson argues that the $50,000.00 punitive damages award should be reversed because the magistrate judge failed to find by clear and convincing evidence that Tyson acted fraudulently, oppressively, or with malice, citing Okla.Stat. tit. 23, § 9. Ms. Alberty argues that because the damages in this case were awarded under the more specific provisions of the Workers' Compensation Act, 1986 Okla.Sess.Laws ch. 222, § 9 (repealed 1992), the general requirements of Okla.Stat. tit. 23, § 9 did not apply. We conclude that the district court's award of punitive damages was proper.
 
 
 19
 The first question is whether the court was required to find Tyson's conduct fraudulent, oppressive, or malicious before awarding punitive damages. The Workers' Compensation Act provided that an employer who is guilty of retaliatory discharge "shall be liable for reasonable damages, actual and punitive if applicable, suffered by [the] employee." 1986 Okla.Sess.Laws ch. 222, § 9 (repealed 1992). The statute did not contain any threshold requirements before such damages could be awarded. In contrast, the more general damages statute required that a tort defendant's conduct evince "a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed" before exemplary damages were available. Okla.Stat. tit. 23, § 9. Tyson contends that inclusion of the words "if applicable" in the workers' compensation provision demonstrated an intent to incorporate the general statute's threshold requirement.
 
 
 20
 In a diversity action, where there is no state supreme court ruling on a particular issue, " 'the federal court must follow an intermediate state court decision unless other authority is convincing that the state supreme court would decide otherwise.' " Doyle v. Trinity Sav. & Loan Ass'n, 869 F.2d 558, 559 (10th Cir.1989) (quoting O'Neil v. Great Plains Women's Clinic, Inc., 759 F.2d 787, 790 (10th Cir.1985)). Here, the Oklahoma Court of Appeals has determined that malice and oppression, sufficient to support an award of punitive damages, are inherent in the concept of a retaliatory discharge. Williams v. ABS Enters. Inc., 734 P.2d 854, 856 (Okla.Ct.App.1987); accord Rogers v. Welltech, Inc., 813 P.2d 534, 537 (Okla.Ct.App.1991) (following Williams ); see also Malik v. Apex Int'l Alloys, Inc., 762 F.2d 77, 80 (10th Cir.1985) ("Malice is defined as a wrongful act done intentionally without just cause or excuse," citing Bliss v. Holmes, 156 Okla. 40, 41, 9 P.2d 718, 719 (1932)). Discovering no authority to the contrary, we follow Williams to conclude that the magistrate judge's finding of retaliatory discharge implicitly incorporated a finding of oppressive or malicious conduct. Therefore, under either statute, the award of punitive damages was appropriate.
 
 
 21
 Next, Tyson argues that the punitive damages award should be limited to the amount of actual damages because the magistrate judge failed to find, on the record, that the evidence of Tyson's malice was clear and convincing. Okla.Stat. tit. 23, § 9 limits the amount of exemplary damages to the amount of actual damages unless the court makes such a finding. The workers' compensation provision, on the other hand, placed a $100,000.00 cap on the award of punitive damages, but simply stated that "the burden of proof is on the employee." 1986 Okla.Sess.Laws ch. 222, § 9 (repealed 1992). We must decide, therefore, whether the general exemplary damages statute imposed this additional requirement in a retaliatory discharge case.
 
 
 22
 Oklahoma has long recognized that "where there are two statutory provisions, one of which is special and clearly includes the matter in controversy, and prescribes something different from the general statute, the special statute, and not the general statute, applies." City of Tulsa v. Smittle, 702 P.2d 367, 371 (Okla.1985). Here, the Worker's Compensation Act provided very specific remedies for a retaliatory discharge, in contrast with the more general provisions of the exemplary damages statute. This leads us to the conclusion that the provisions of the general statute did not apply in a retaliatory discharge case.
 
 
 23
 This conclusion is buttressed by Wise v. Johnson Controls, Inc., 784 P.2d 86 (Okla.Ct.App.1989), in which the Oklahoma Court of Appeals held that the general exemplary damages statute did not apply to reduce an award of punitive damages in a retaliatory discharge case. The court emphasized that the Oklahoma legislature had amended both the general statute and the retaliatory discharge statute during the same session, limiting the amounts which could be awarded under each, and had made both provisions effective on the same date. Id. at 88.
 
 
 24
 Finally, Tyson argues that the exemplary damages award should be reduced because it is so grossly excessive that "it shocks the conscience of the court," justifying a remittitur. Malik, 762 F.2d at 81. The award in this case does not rise to such a level.
 
 
 25
 Tyson's motion for certification is denied. The motion to strike that portion of Ms. Alberty's brief addressing a cross appeal is granted. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED in part and REVERSED in part, and the cause is REMANDED with directions to reduce the judgment in favor of Eva Alberty by $20,640.00.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3