MID-CONTINENT PETROLEUM CORPORATION v. BETTIS.

No. 26871.   June 1, 1937.

J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, J. P. Greve, and R. C. Arrington, for plaintiff in error.

A. B. Carpenter, for defendant in error.

HURST, J. The defendant, Jess Bettis, had occupied for several years an 80-acre tract of land under a year-to-year agricultural lease executed by the owner of the land. In August, 1932, the owner executed to Bettis a renewal agricultural lease covering the whole 80 acres for the year 1933. On November 23, 1932, the owner then executed an oil and gas lease covering the whole 80 acres to J. W. Meazel and others. Thereafter, on May 1, 1933, Meazel et al. executed to the plaintiff an assignment of the oil and gas lease in so far as it covered the south 60 acres of the premises, and the assignee agreed to drill a well by June 1, 1933. A location was made near the southwest corner of the 60-acre tract.

All of the improvements, consisting of a house, garage, barn, chicken house, chicken roost, storm cellar, fenced-in barn lot and sheds were on the north 20 acres not covered by plaintiff's lease. The section line road ran along the north side of this 20-acre tract and from that road there was a driveway leading down to defendant's house and barn and passing between them through gates in the fenced barn lot, where it took the form of a cattle lane extending on down to the well located on the south 60 acres. It is conceded that there was no other roadway leading to the well location.

On May 15, 1933, the plaintiff, desiring to use this roadway and lane as a means of access to the well, attempted to negotiate with defendant for permission to cross the north 20 acres, but being unable to agree upon damages or compensation, the defendant forbade the plaintiff to cross his land. The plaintiff's employees, however, entered in a truck over his protests, and also immediately, on the same day, served the defendant with a restraining order to prevent him from molesting plaintiff's employees in driving across the land. The plaintiff thereupon proceeded to drive its trucks over defendant's premises on the driveway and cattle

194

lane until May 20, 1933, when the order was dissolved. We pass for the moment the details regarding this entry by plaintiff and the damage done by the trucks, but suffice it to say that certain injuries were sustained during the five days while the order was in effect. In obtaining the restraining order the plaintiff's attorney inadvertently represented that the plaintiff was the owner of a lease on the whole 80 acres when in fact its assignment only covered the south 60 acres. Upon the dissolution of the order it was agreed that the restraining order over the south 60 acres "might be continued in force and effect pending trial on the issues made up 'and after defendant files his answer and cross-petition for damages for the location of a well made by the plaintiff and in addition thereto for all damages incident to the wrongful procuration of said restraining order and as a result thereof on (the north 20 acres) and for such other damages as the defendant might show himself entitled to be maintained; should be kept in force." The defendant then filed his cross-petition and the case was tried solely on the defendant's cross-petition for damages and the issues made thereon. The case was first set for trial on the jury docket and plaintiff filed a motion to strike it from the jury docket for the reason that it was commenced as an equitable action by plaintiff, and even though the only issues for trial were the defendant's claim for damages, it is still an equitable action. The court sustained this motion of plaintiff and the case was stricken from the jury docket. At the close of the trial the court made findings of fact and conclusions of law and granted judgment in favor of defendant on his cross-petition in the sum of $469.50 actual damages and $1,000 punitive damages. Plaintiff brings this appeal on 52 assignments of error presented together under seven propositions.

1. Plaintiff's fourth proposition is that the trial court correctly held that this is an equitable action and the filing of defendant's cross-petition at law did not convert or change the action from one in equity to one at law. If this was in fact the ruling of the trial court, then plaintiff's position is correct, inasmuch as the defendant has filed no cross-appeal and makes no contention that such a ruling, as a matter of law, is incorrect, although he did except to the order striking the case from the jury docket. The defendant, however, contends that the court did not hold that this was an equitable action, but that by reason of the agreement of the parties its ruling was merely that the jury be waived in the law action for damages. The only question is what was the holding of the court in this respect. The record does not support the interpretation of the court's ruling urged by the defendant. When the case was set on the jury docket the plaintiff filed a motion to strike it specifically on the ground that the "action is one for equitable relief brought by the plaintiff against the defendant and is still an equitable action and one in which defendant is not entitled to a jury, but should be tried before the court without the intervention of a jury." The ruling of the court is as follows:

"Motion to set aside case on nonjury assignment sustained. Defendant and cross-petitioner excepts. Exceptions allowed."

It was, therefore, the holding of the court that the action remains one in equity in the absence of anything in the record to the contrary. We find no such agreement as suggested by the defendant. The only agreement as shown by the journal entry of judgment and the findings of fact by the court is that the defendant should have the right to file his cross-petition in this action. There is no agreement that this shall be an action at law and that a jury be waived. Neither is there anything in the court's conclusions of law indicating that the holding was not in accordance with plaintiff's contention. The only conclusion of law in this respect is as follows:

"The court concludes as a matter of law that the plaintiff having filed this action in equity and agreeing to the filing of the cross-petition herein by the defendant, that the defendant is entitled to litigate his cross-petition for damages in this action."

This is not a conclusion that the action is one at law on the cross-petition, but only that defendant can litigate his cross-petition in this action, which by its previous ruling was held to be one in equity. Defendant asserts that his cross-petition was not voluntarily filed and for that reason argues that plaintiff's position is not correct. However, we fail to find this assertion supported by the record, and moreover the defendant in his brief states that "the defendant is not complaining 'at this time nor does he bring error to this court by reason of the ruling of the lower court." Therefore, we conclude that the trial court held that the action remained one in equity throughout, by its ruling sustaining plaintiff's motion to strike the case from the jury assignment, and the correctness of this ruling is not questioned by defendant in this appeal.

2. The plaintiff's seventh proposition is,

in part, that the court is without power to assess punitive damages in an equitable action. The right to punitive damages in this state is granted in section 9962, O. S. 1931, which provides:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, **the jury,** in addition to actual damages, may give damages for the sake of example, and by way of punishing the defendant."

We have been referred to no decisions of this court, nor can we find any, which construe this statute, but by the use of the words "the jury" the most logical and reasonable interpretation is that it shall only be applied to those cases where the parties are entitled to a trial by jury, even though a jury is waived. In support of this interpretation we find that it has been a long-established rule in other jurisdictions that a court of equity will not assess punitive damages. In Sedgwick on Damages (9th Ed.) vol. 1, p. 727, the rule is stated thus:

"Where a court of equity has power to award damages, it cannot go beyond compensation: by applying to such a court, the complainant waived all claim to exemplary damages."

Such is the holding in Karns v. Allen (1908, Wis.) 115 N. W. 357. Practically in accord with such decision is the ruling in Bird v. Wilmington, etc., R. Co., 8 Rich. Eq. (S. C.) 46, 64 Ann. Cas. 739, and Hennessey v. Wilmerding-Lowe Co. (1900) 103 Fed. 90. No cases to the contrary are cited by defendant, and the only one we have been able to find is South Penn Oil Co. v. Stone (1900, Tenn.) 57 S. W. 374, where, in an action in chancery, the court allowed punitive damages. That case, however, contains no discussion of the power of a court of equity to award damages of this nature, and the question was apparently not raised. For similar statement of the general rule, see 8 R. C. L. 584, 21 C. J. 142, 17 C. J. 971, and note in 15 Ann. Cas. 547. Although not expressly stated, the basis of the rule seems to be that, historically, the assessing of damages is not a function of a court of equity and it will assess actual damages only as ancillary to equitable relief. Damages for punishment are inconsistent with traditional equitable relief. Since this action has been held to remain an action in equity, the court erred in assessing punitive damages.

3. The plaintiff's sixth proposition is that the actual damages assessed by the trial court are excessive. The plaintiff contends that the proper measure of damages is the depreciation in the usable value of the leasehold estate caused by the wrongful acts, whereas the court adopted as a measure the cost and expense of repairing and replacing the property damaged by the plaintiff. The defendant contends, however, that the plaintiff admitted at the trial that the measure used by the court was correct and adopted it, and must present the case on appeal on the same theory. But assuming, without deciding, that the contention of the defendant is correct, we find that the judgment assessing $469.50 for actual damages is against the clear weight of the evidence. This being an equity case under the record, this court will weigh the evidence, and, if it appears that the judgment below is against the clear weight of the evidence, reverse the cause and render or cause to be rendered such judgment as should have been entered at the trial. Long v. Anderson (1920) 77 Okla. 95, 186 P. 944. The plaintiff admits liability and the defendant cannot complain of the measure of damages used. Although the error herein discussed warrants reversal, the plaintiff in its brief has requested that this court render judgment rather than grant a new trial. From our examination of the entire record we find the actual damages to be as follows:

| | |
|---|---:|
| Attorney fees | $ 75.00 |
| Feed crop | 90.00 |
| Storm cellar | 66.00 |
| Chicken roost | 5.50 |
| Barn | 2.75 |
| Barn fence | 5.50 |
| Lane fence | 11.00 |
| Pasture land | 6.00 |
| Total | $261.75 |

The defendant prayed for an attorney's fee in his cross-petition and the court found that the restraining order was wrongfully acquired. Although the proof introduced in this connection is not entirely satisfactory, under the circumstances the record supports the sum granted above as being reasonable.

The judgment is, therefore, modified by striking punitive damages and reducing actual damages to $261.75, and as modified, the judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and WELCH, JJ., absent.