**Juanita E. WEBB, Appellant,**

v.

**DAYTON TIRE AND RUBBER COMPANY, A DIVISION OF FIRESTONE TIRE COMPANY, Appellee.**

No. 56532.

Supreme Court of Oklahoma.

Jan. 22, 1985.

As Corrected March 4, 1985.

520

Ben A. Goff, Oklahoma City, for appellant.

James C. Chandler, Lytle, Soule, Curlee, Harrington, Chandler & Van Dyke, Oklahoma City, for appellee.

ALMA WILSON, Justice.

The controversy in this case focuses upon the availability of punitive damages and attorney fees under Oklahoma's retaliatory discharge statutes, 85 O.S.1981 §§ 5, 6 and 7 of the Workers' Compensation Act, which state:

§ 5. *Claim—Discharge of employee*

No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.

§ 6. *Penalty*

A person, firm, partnership or corporation who violates any provision of Section 5 of this title shall be liable for reasonable damages suffered by an employee as a result of the violation. An employee discharged in violation of the Workers' Compensation Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

§ 7. *Jurisdiction*

The district courts of the state shall have jurisdiction, for cause shown, to restrain violations of this act.

On May 30, 1979, Juanita E. Webb was injured during the course and scope of her employment with Dayton Tire and Rubber Company. Mrs. Webb reported the injury to her employer and was sent home from work by the company doctor. During the next four weeks Mrs. Webb saw a company doctor on at least three occasions and twice attempted unsuccessfully to return to light duty. Mrs. Webb alleged that on numerous occasions she called her employer and employer's insurance office, but no one would talk to her and her calls were not returned. On June 27, 1979, Mrs. Webb received a letter from her employer informing her that she had been terminated from employment, effective June 22, 1979, for alleged failure to "report off work" for three consecutive work days as required by company policy.

On June 29, 1979, Mrs. Webb filed a claim in the Workers' Compensation Court for work related disability benefits. Mrs. Webb subsequently filed this retaliatory discharge suit against her former employer in District Court. In addition to reinstate-

ment and lost wages, Mrs. Webb sought exemplary damages and attorney fees. Upon Dayton's motion, the District Court struck Mrs. Webb's prayer for exemplary damages and attorney fees. The District Court further granted summary judgment in favor of Dayton based upon the undisputed fact that Mrs. Webb did not file her formal claim for workers' compensation benefits in the Workers' Compensation Court prior to her discharge from employment.

The Court of Appeals, Temporary Division No. 177, reversed the summary judgment and the order striking punitive damages, and affirmed the denial of attorney fees. On certiorari, we affirm the decision of the Temporary Court of Appeals for the reasons stated herein.

■ It is well settled in Oklahoma, with narrow exception, that attorney fees are not recoverable by a prevailing party in absence of statute or enforceable contract expressly authorizing same. *Keel v. Covey*, 206 Okl. 128, 241 P.2d 954 (Okl.1952). The present suit was brought to recover damages for retaliatory dismissal pursuant to 85 O.S.1981 §§ 5—7. A retaliatory dismissal suit is not an action to recover *for* labor or services within the meaning of 12 O.S.1981 § 936,[1] as urged by Webb. The statutory penalty provided for tortious discharge under 85 O.S.1981 § 6 is *reasonable damages;* and, there is nothing in the record to bring the question within the exception established in *City Nat'l Bank and Trust Co. v. Owens*, 565 P.2d 4 (Okl. 1977), where defendant was awarded attorney fees by reason of the plaintiff's misconduct of trial proceedings at defendant's expense.[2]

■ The issue of punitive damages in retaliatory dismissal suits presents a closer question. We conclude, however, that the trial court erred in striking Webb's prayer for exemplary damages. In *WRG Construction Company v. Hoebel*, 600 P.2d 334 (Okl.1979), this Court recognized that the common law definition of *damages* governing actions in tort, now codified at 23 O.S.1981 § 3, is applicable to the penalty clause of 85 O.S.1981 § 6, *supra*, providing for *damages* for violation of § 5 of the Workers' Compensation Act. Title 23 O.S. 1981 § 3 provides:

> Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages.

We thus held that the District Court's jurisdiction conferred by 85 O.S.1981 § 7 to *restrain violations* of the Workers' Compensation Act is sufficiently broad to *include* "to redress", thereby giving effect to the measure of damages in tort actions as set forth in § 3 of the general damage provisions of Title 23. We today likewise adopt the view that the jurisdiction of the District Court to restrain retaliatory dismissal of employees in violation of the Workers' Compensation Act is sufficiently broad to include the assessment of damages for the sake of example and by way of punishing the defendant under appropriate circumstances, as provided in other tort actions governed by § 9 of the general damage provisions of Title 23. Title 23 O.S.1981 § 9 provides:

> Any action for breach of an obligation not arising on contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury in addition to actual damages, may

---

1. Title 12 O.S.1981 § 936 provides: In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or *contract* relating to the purchase or sale of goods, wares or merchandise, or *for* labor or services, *unless otherwise provided by law* or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

2. Exercising its inherent equitable power, the Court awarded attorney fees to defendant where plaintiff dismissed on the fourth day of trial and after all parties had rested. The Court concluded that plaintiff's untimely dismissal and plaintiff's use of the courtroom as a "rehearsal hall", at the defendant's expense, justified a departure from the general rule.

give damages for the sake of example and by way of punishing the defendant.

In adopting as a matter of law the doctrine of a civil tort cause of action as against an employer for wrongful discharge of an employee in wilful violation of the provisions of the Workers' Compensation Act, we take cognizance of the legislative intent that the trier of fact be vested with broad discretion in determining the amount of recovery, as manifested by the terms "reasonable damages" and "to restrain violations". What is reasonable and appropriate under the circumstances is necessarily a question of fact. We deem it proper and necessary that exemplary damages be assessed against an employer under appropriate circumstances in strict conformity with the purpose therefor, to prevent the practice. In the absence of the deterent effect of punitive damages, there would be little to dissuade an employer from engaging in the practice of discharging an employee for filing a workman's compensation claim.

We next consider whether or not the District Court erred in granting summary judgment. The employer challenges the Temporary Court of Appeals' conclusion that because an employer is required to file a report with the Administrator of the Workers' Compensation Court within ten days or a reasonable time after the occurrence of an accidental injury,[3] and the filing of such report is sufficient to invoke the jurisdiction of the Workers' Compensation Court and constitute a claim for compensation,[4] the filing of the report must be here *assumed* so as to bring Dayton within the terms of the retaliatory discharge provisions, *supra*, notwithstanding that Mrs. Webb filed her formal claim with the Workers' Compensation Court after she was fired. We would agree that evidence which establishes the filing of such report constitutes proof of a claim for compensation within the meaning of 85 O.S.1981 § 5, *supra*, however the record on review is completely void of any evidence to support the inference that a report was filed with the Administrator of the Workers' Compensation Court in this case. The filing of the report may not be assumed. A ruling on a motion for summary judgment must be made on the record which the parties have actually presented and not on a record which is potentially possible or which may be amended. *RST Service Mfg., Inc. v. Taylor Musselwhite*, 628 P.2d 366 (Okl. 1981).

Although there is no evidence that Dayton filed a report of accidental injury with the Administrator of the Workers' Compensation Court, the record presented by the parties on summary judgment does establish that Mrs. Webb was temporarily totally disabled as the result of her job-related injury, from May 31, 1979 to July 20, 1979, and received temporary disability benefits from June 15, 1979 to July 20, 1979. In accordance with the plain meaning of 85 O.S.1981 § 5, that an employee may not be discharged because the employee has in good faith filed a claim, or has retained a lawyer, *or instituted or caused to be instituted any proceeding under the provisions of the Workers'*

---

**3.** Title 85 O.S.1981 § 102 provides: Every employer shall keep a record of injuries, which result in the loss of time beyond the shift or which require medical attention away from the work site, fatal or otherwise, received by his employees in the course of their employment. Within ten (10) days or a reasonable time thereafter, after the occurrence of an accident resulting in personal injury a report thereof shall be made in writing by the employer to the Court upon blanks to be procured from the Court for that purpose. Such reports shall state the name and nature of the business of the employer, the location of his establishment or place of work, the name, address and occupation of the injured employee, the time, nature and cause of the injury and such other information as may be required by the Administrator. Any employer who refuses or neglects to make a report as required by this section shall be guilty of a misdemeanor, punishable by a fine of not more than Five Hundred Dollars ($500.00).

**4.** Title 85 O.S.1981 § 179 provides that the prosecution of violations of the provisions of Sections 61 and 102 of Title 85 of the Oklahoma Statutes shall be the duty of the district attorney in the district wherein the notices, contracts and reports referred to are to be filed.

*Compensation Act,* we hold that in this case the receipt of medical treatment or the commencement of temporary compensation payments under the provisions of the Workers' Compensation Act, constitutes the institution of a proceeding for purposes of this section of the Workers' Compensation Act.[5] We thus agree with the view expressed by a majority of courts construing a similar statute that under these circumstances it is not necessary that an employee prove that she has filed a formal claim for compensation in the Workers' Compensation Court to make out a case for retaliatory discharge under the provisions of the Workers' Compensation Act.

The opinion of the Temporary Court of Appeals is vacated and the decision of the District Court is affirmed in part, reversed in part and remanded for further proceedings in accordance with this opinion.

DOOLIN, V.C.J., and HODGES, LAVENDER, OPALA, WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, C.J., dissents.

OPALA, Justice, concurring.

Although I do concur in the court's judgment and its opinion, I write separately to address the employer's contention that punitive damages are legally inappropriate in a wrongful discharge action under the provisions of 85 O.S.1981 §§ 5–7.

In support of its argument the employer invokes, *inter alia,* our decision in *Crossett v. Andrews,* Okl. 277 P.2d 117, 119 (1954).[1] *Crossett* deals with elements of recovery in wrongful death litigation. There, this court followed pre-statehood Kansas precedent which characterized liability under that state's version of Lord Campbell's Act as "purely compensatory," confined to "pecuniary loss," and hence not capable of encompassing punitive damages. The enactment here under consideration—85 O.S.

1981 §§ 5–7—gives absolutely no indication, either explicitly or implicitly, of legislative intent to exclude punitive damages from the range of allowable recovery for wrongful discharge—a tort which is unmistakably termed as wilful.

The employer also urges that its statutory liability is limited because it is clear the legislature did not intend to allow punitive damages in wrongful discharge litigation. The absence of that intent, it is argued, must be divined from want of any reference to punitive damages in the statute of creation, 85 O.S.1981 §§ 5–7, and from the use in § 6 of the phrase "reasonable damages" to describe the worker's measure of recovery. Two principles of law militate strongly against our acceptance of the conclusion pressed by this proposition.

Firstly, *unless plainly excluded,* examplary damages, where appropriate under the provisions of 23 O.S.1981 § 9, may be sought *in addition to other applicable elements of recovery.* 23 O.S.1981 § 95. Secondly, by force of a *universal* rule, *"[d]amages must, in all cases, be reasonable."* 23 O.S.1981 § 97. Singly and in combination, these doctrines preclude a statutory construction that would ascribe an *intended limitation* upon the wrongful discharge remedy either to legislative silence as to punitive damages or to the mention in § 6 of "reasonable damages." In short, *no* immunity from liability imposable in tort for punitive damages under the standards of 23 O.S.1981 § 9 may be implied from the language of the statute under consideration. *Courts do not concern themselves with the merits, wisdom or advisability of legislative enactments but only with their meaning and validity. Application of Goodwin,* Okl., 597 P.2d 762, 766 [1979]. *Unless the unambiguous text of an enactment plainly so requires, the scope of a legislatively-established*

---

5. *See Lesa Zaragosa v. Oneok, Inc.,* Court of Appeals' opinion, —— P.2d —— (1984) published by order of the Supreme Court.

1. *Crossett* was abrogated by after-enacted legislation. It may no longer be viewed as a correct exposition of the present law. The terms of 12 O.S.1981 § 1053(C), currently in force, explicitly authorize recovery of punitive damages in wrongful death actions.

*claim for relief may not be restricted by judicial construction.* WRG Const. Co. v. Hoebel, Okl., 600 P.2d 334, 336–337 [1979].

Absent a clear expression of contrary legislative intent, the provisions of 23 O.S. 1981 § 9, which authorize imposition of punitive damages, "where the defendant has been guilty of oppression, fraud or malice, actual or presumed", *clearly are applicable to any action triable by jury "for breach of an obligation not arising from contract",* whether it be of statutory or common-law origin. *Thiry v. Armstrong World Industries,* Okl., 661 P.2d 515, 519 (1983) (Opala, J., concurring); *Mid-Continent Petroleum Corporation v. Bettis,* 180 Okl. 193, 69 P.2d 346, 348 (1937); *Z.D. Howard Company v. Cartwright,* Okl., 537 P.2d 345, 348 (1975); and *Davidson v. First Bank and Trust Co., Yale,* Okl., 609 P.2d 1259, 1263 (1977).

I hence accede to the court's pronouncement that punitive damages are recoverable in wrongful discharge actions under 85 O.S.1981 §§ 5–7.