Terry Lee MULLINS, Appellant,

v.

JOHN ZINK COMPANY, Appellee.

No. 65028.

Court of Appeals of Oklahoma, Division No. 2.

Oct. 28, 1986.

Rehearing Denied Dec. 15, 1986.

Certiorari Denied Feb. 24, 1987.

Marilyn D. Barringer, Ben A. Goff, P.C., Oklahoma City, for appellant.

J. Ronald Petrikin, Timothy A. Carney, Legal Intern, Gable & Gotwals, Tulsa, for appellee.

MEANS, Presiding Judge.

Plaintiff appeals from the trial court's order dismissing his suit for retaliatory discharge and intentional infliction of emotional distress. The court held that Plaintiff's claims were barred by the statute of limitations. Having reviewed the record and applicable law, we affirm.

Plaintiff had been employed by Defendant John Zink Company for approximately nine years when he sustained a work-related injury in May 1983. Pursuant to his statutory rights, Plaintiff filed a claim for workers' compensation benefits. That same month, Defendant terminated Plaintiff's employment.

On June 17, 1985, Plaintiff filed this action, asserting that he had been terminated in violation of 85 O.S.1981 § 5. Plaintiff sought damages under 85 O.S.1981 § 6. Plaintiff's second cause of action was for intentional infliction of emotional distress. Defendant filed a motion to dismiss pursuant to 12 O.S.Supp.1985 § 2012(B)(6), asserting that Plaintiff had failed to state a claim or cause of action upon which relief could be granted. Defendant contended that both causes of action were barred by the statute of limitations, arguing that both claims were tort actions and thus fell with-

in the two-year limitation period of 12 O.S. 1981 § 95(Third).

In briefs submitted to the court below, Plaintiff urged that his statutory cause of action for wrongful termination or retaliatory discharge fell within the three-year limitation period of 12 O.S.1981 § 95(Second). After considering the argument presented by attorneys for both sides, the court determined that the appropriate statute of limitations was two years. Thus, both Plaintiff's causes of action were barred and his claims were dismissed.

Plaintiff has appealed to this court, once again asserting that the three-year limitation period applies to his claims. In his reply brief, Plaintiff concedes that the two-year limitation period of 12 O.S.1981 § 95(Third), bars his cause of action for intentional infliction of emotional distress. Plaintiff's only remaining cause of action is for retaliatory discharge.

Resolution of this appeal depends on the appropriate statute of limitations for retaliatory discharge. Plaintiff argues that his claim is governed by the three-year limitation period of 12 O.S.1981 § 95(Second), for "an action upon a liability created by statute other than a forfeiture or penalty." Defendant's contention is that retaliatory discharge is "an action for injury to the rights of another," within the two-year limitation period of section 95(Third).

The legislature provided no limitation period when it changed the common law to provide, for the first time, a remedy for injured workers who were terminated for filing claims for compensation. Title 85 O.S.1981 § 5, states:

> No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding.

The penalty for such a retaliation against an employee is "reasonable damages" specified in 85 O.S.1981 § 6.

While the Workers' Compensation Act provides no statute of limitations for claims of retaliatory discharge, the Oklahoma Supreme Court has characterized the retaliatory discharge prohibition of section 5, as "the doctrine of a civil tort cause of action." *Webb v. Dayton Tire & Rubber Co.,* 697 P.2d 519, 523 (Okla.1985). In *Webb,* the court noted that the "statutory penalty provided for *tortious* discharge" under section six was reasonable damages. *Id.* at 522 (emphasis added). As part of these "reasonable" damages, the court held that exemplary damages were proper as a deterrent "to dissuade an employer from engaging in the practice of discharging an employee for filing a workman's compensation claim." *Id.* at 523.

In support of its holding allowing punitive damages the court cited the common law definition of damages "governing actions in *tort,* now codified at 23 O.S.1981 § 3." This general statute on damages allows recovery for "[a]ny person who suffers detriment from the unlawful act or omission of another." *Id.* at 522 (emphasis added). Thus, wrongful discharge is "a tort which is unmistakably termed as wilful." *Id.* at 524 (Opala, J., concurring). As a tort, punitive damages *"clearly are applicable to any action triable by jury 'for breach of an obligation not arising from contract',* whether it be of statutory or common-law origin." *Id.* at 525.

While *Webb* did not reach the exact issue which we face here, we are persuaded by its reasoning and characterization of the action as a "civil tort." Thus, Plaintiff's claim is "an action for injury to the rights of another" and is barred by the two-year limitation period of 12 O.S.1981 § 95(Third). The court's order dismissing Plaintiff's claims is affirmed.

REIF, J., and STUBBLEFIELD, J. (sitting by designation), concur.