**Delbert INGRAM, Appellee,**

v.

**ONEOK, INC., Appellant.**

No. 68187.

Supreme Court of Oklahoma.

May 30, 1989.

Rehearing Denied July 12, 1989.

Ben A. Goff, P.C., Oklahoma City, for appellee.

Huffman, Arrington, Kihle, Gaberino & Dunn by Larry D. Henry, Tulsa, for appellant.

DOOLIN, Justice.

The controversy in this novel case on certiorari is whether the two-year statute of limitations prescribed by 12 O.S.1981 § 95 (Third) or the three-year limitation period of 12 O.S.1981 § 95 (Second) governs the time to commence proceedings under the Workers' Compensation Retaliatory Discharge Act, 85 O.S.1981 §§ 5–7. The underlying issue for decision is whether the Retaliatory Discharge Act created a new cause of action based upon a statutory liability other than penalty or forfeiture.

The Oklahoma Legislature enacted 85 O.S.1981 §§ 5–7 to prohibit discrimination against employees who either initiated or participated in workers' compensation proceedings. The Retaliatory Discharge Act, § 5, states:

No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is to testify in any such proceeding. Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.

The remedies for an employee discharged in violation of the Act are "reasonable damages," including if appropriate, exemplary or punitive damages, and reinstatement to his/her former position. 85 O.S.1981 § 6. Since only the district courts have jurisdiction to restrain violations of the Act, an employee's cause of action is separate and distinct from any other Workers' Compensation Claim. 85 O.S.1981 § 7. See also, *WRG Construction Co. v. Hoebel*, 600 P.2d 334 (Okl.1979).

There is no specifically prescribed statute of limitations for a cause of action under 85 O.S.1981 § 5. Nor is there any legislative history concerning the origin of this private right of action, given to all employees governed by the auspices of the Workers' Compensation Act.

I.

Delbert Ingram (appellee-employee) had been employed by appellant-employer Oneok, Inc., as a meter reader when he sustained a work-related injury in May, 1980. Employee filed a claim for workers' compensation and received payments for temporary total disability. Ten months later, on March 3, 1981, employer terminated employee's employment.

On September 22, 1983, after more than two, but less than three years following his termination, employee filed an action for retaliatory discharge against employer. During the trial court proceedings, employer, after the opinion in *Mullins v. John Zink Co.*, 733 P.2d 888 (Okl.App.1986) was published, requested and was granted leave of the trial court to amend its answer asserting the two-year tort statute of limitations as an affirmative defense.

The trial court further granted employer's motion for summary judgment, and dismissed employee's claim based upon the *Mullins* decision, concluding that the suit was barred by the two-year statute of limitations. Employee appealed arguing his claim is governed by the three-year limitation period for "an action upon a liability

created by statute other than a forfeiture or penalty." 12 O.S.1981 § 95 (Second).

The Court of Appeals, Division 1, reversed the summary judgment in favor of employer, and specifically rejected its colleagues' opinion in *Mullins*. In *Mullins*, the Court of Appeals, Division 2, placed great reliance on our characterization of wrongful discharge as a "civil tort" in *Webb v. Dayton Tire and Rubber Co.*, 697 P.2d 519, 523 (Okl.1985). The intermediate court held that the appropriate statute of limitations for retaliatory discharge was two years pursuant to § 95 (Third), because a wrongful discharge claim is "an action for injury to the rights of another, not arising on contract."

However in the instant case, the appellate court found that the liability imposed by 85 O.S.1981 § 5 is purely statutory, because there is no common law liability for discharging an employee at will with or without cause. *Hinson v. Cameron*, 742 P.2d 549 (Okl.1987). The appellate court held the applicable statute of limitations was three years pursuant to 12 O.S.1981 § 95 (Second), because "but for the statute," no liability would exist. *Smith Engineering Works v. Custer*, 194 Okl. 318, 151 P.2d 404, 407 (1944). We agree.

## II.

■ In this case, our certiorari cognizance for review of the Court of Appeals' opinion pursuant to the provisions of Article 7, § 5, Okl. Const., *was not timely invoked*. The pertinent terms of Art. 7, § 5, Okl. Const., provide:

> ... When the intermediate appellate courts acquire jurisdiction in any cause and make final disposition of the same, *such disposition shall be final and there shall be no further right of appeal except for issuance of a writ of certiorari* ordered by a majority of the Supreme Court which may affirm, modify or make such other changes in said decision as it deems proper ... [emphasis added].

The required cost desposit reached the clerk too late—*after* the maximum time allowed for filing a petition for certiorari

had lapsed. See 20 O.S.1986 § 30.4; and 12 O.S. Ch. 15, App. 3, Rule 3.14(G). It is nonetheless this Court's firm resolve that the interdivisional conflict on an urgent issue among the panels of the Court of Appeals be settled by this Court's opinion. 12 O.S. Ch. 15, App. 3, Rule 3.13(A)(3). See also, *Woods Petroleum v. Delhi Gas Pipeline Corp.*, 700 P.2d 1011 (Okl.1984).

Inasmuch as the object to be attained may be accomplished without affording relief to the *tardy* certiorari petitioner, we assume today certiorari cognizance conferred by Art. 7, § 4, Okl. Const. See also, 20 O.S.1971, § 30.1. The pertinent terms of Art. 7, § 4, provide:

> ... The original jurisdiction of the *Supreme Court shall extend to a general superintending control* over all inferior courts.... The Supreme Court, Court of Criminal Appeals, in criminal matters and all other appellate courts *shall have power to issue*, hear and determine writs of habeas corpus, mandamus, quo warranto, *certiorari*, prohibition and such other remedial writs as may be provided by law.... [emphasis added].

Acting in the exercise of that superintendence, we promulgate our pronouncement on the dispositive issue for the general guidance of the bench and bar. See e.g., *State v. Kight*, 49 Okl. 202, 152 P. 362, 363–364 (1915) ("the grant of jurisdiction of a general superintending control over inferior courts is separate and in addition to the general appellate jurisdiction of the Supreme Court.... 'This provision practically places the Supreme Court in the same relation to the inferior courts of the state as the Court of King's Bench bore to the inferior courts of England, under the common law.' ").

## III.

On certiorari, employer, relying on *Mullins*, argues unpersuasively that the principal issue is the characterization of employee's action. According to employer's argument, in *Hinson*, "this Court recognized that the basis of retaliatory discharge claims was a violation of public policy." Since the basic character of § 5 is essential-

ly a *"public policy" tort,* employer urges the two year statute of limitations should govern employee's action, regardless of whether the public policy underpinnings are found in a statute, regulation, or court decision. We disagree and "protest against arguing too strongly upon public policy;—it is a very unruly horse, and when once you get astride it you never know where it will carry you. It may lead you from the sound law. It is (seldom) argued at all but when other points fail." *Richardson v. Mellish,* 2 Bing. 229, 252 (1824). [parenthetical observation supplied].

■ First, the Workers' Compensation Act, 85 O.S.1977 § 1, et seq., is legislation which abrogates the common-law, creates statutorily exclusive rights in the field it operates, along with remedies and procedures, and is hence, sui generis. *Malone v. United Zinc & Smelting Corp.,* 175 Okl. 643, 54 P.2d 360 (1936); *Governair Corp. v. District Court of Oklahoma County,* 293 P.2d 918 (Okl.1956); *Maryland Cas. Co. v. Hankins,* 532 P.2d 426 (Okl.1975). Generally, it is not the province of this Court to judicially sanction the making of changes in workers' compensation statutes, or rights created thereunder, for this is within the prerogative of the legislature in the exercise of its police power. *Cities Service Gas Co. v. Witt,* 500 P.2d 288 (Okl. 1972). Cf., 12 O.S.1981 § 2 (common law, as modified by constitutional and statutory law, judicial decisions and conditions and wants of the people, shall remain in force in aid of the general statutes of Oklahoma); see generally, *Hall v. Farmers Ins. Exchange,* 713 P.2d 1027 (Okl.1985).

Second and quite simply, our survey of national jurisprudence on liability for wrongful discharge and our evaluation and assessment of the appellant's action under those nationally recognized exceptions in *Hinson* does not impliedly or expressly support employer's contention that this Court took cognizance and adopted such public policy tort exceptions to an at-will employment relationship. As a matter of law, in *Hinson,* we specifically declined "to impose upon the employer a legal duty not to terminate an at-will employee in bad

faith." 742 P.2d at 554. But cf., *Burk v. K–Mart Corp.,* 770 P.2d 24 (Okl.1989) (where the Court recognizes a limited public policy exception holding employer liable in tort if at-will employee is discharged in violation of a clear mandate of public policy).

Finally, the Oklahoma Legislature enacted the Retaliatory Discharge Act in 1981— six years prior to this Court's decision in *Hinson.* Since the legislature had previously enacted its statutory exception to the at-will employment doctrine, our supposedly subsequent recognition of the same exception, cloaked in public policy, would be redundant and unnecessary. Accordingly, employer's simplistic argument lacks sound reasoning.

Employer next alleges a violation of the Equal Protection Clause of the 14th Amendment to the United States Constitution. Employer contends that the appellate court's "artifical classification" of a retaliatory discharge action treats similar wrongful discharge claims, such as wrongful termination because of race or whistle blowing, differently; thus, creating an unconstitutional distinction. Employer asserts that "it would make no sense to require one discharged because of his race to bring his action within two years while allowing an employee, discharged for filing a worker's compensation claim three years." Employer's reliance on federal court decisions to support this proposition is misplaced.

Again, we lead employer back to the sound law. The "meaning of federal statutes is for the United States Supreme Court, and its interpretation will be followed by this Court." *United States v. Home Federal S. & L. Ass'n of Tulsa,* 418 P.2d 319, 325 (Okl.1966). The analysis used by inferior federal courts are highly persuasive in construing the appropriate statute of limitations for claims arising under federal statutes. However, federal court decisions are not binding nor controlling upon this Court when it is construing Oklahoma law. The interpretation of state legislation and the "construction placed upon state statutes by our highest court is

binding upon (the) United States Supreme Court." *United States v. Home Federal*, 418 P.2d at 325. Thus, we find no support for employer's argument in this case.

## IV.

Although this Court has characterized a retaliatory discharge action as a 'civil tort' in *Webb*, insofar as construing manifested legislative intent concerning the scope of damages under 85 O.S.1981 § 6, we cannot ascribe to the appellate court's holding in *Mullins* that such characterization precludes the applicability of 12 O.S.1981 § 95 (Second). We cannot accept this argument because it is quite inconsistent with established precedent regarding actions on liabilities created by statute other than a penalty or forfeiture. See, *Hollinger v. Dickinson County*, 115 Kan. 92, 222 P. 136 (1924); *Kirtland v. Tri–State Ins. Co.*, 220 Kan. 631 556 P.2d 199 (1976); *Hough v. Hough*, 206 Okl. 179, 242 P.2d 162 (1952). Also, in rejecting the analysis in *Mullins* and employer's arguments herein, we are not acting inconsistently with statute of limitations policy.

We noted at the outset that the Oklahoma Legislature did not provide any specific limitation period to enforce the provisions of the Retaliatory Discharge Act. Consequently, "we must adopt for it the most analogous statute of limitations in the existing catalogue." *Williams v. Lee Way Motor Freight*, 688 P.2d 1294, 1300 (Okl. 1984) (citations omitted).

In 1895 the Oklahoma Legislature adopted the language of 12 O.S.1981 § 95, Limitation of other actions, from title 80 of the General Statutes of Kansas, § 18 (1868) [codified at Kan.Stat. Ann. § 60–510, et seq. (1983)]. "It is a settled rule that where one state adopts a statute from another, it is presumed to adopt the construction placed upon that statute by the highest court of the other state." *Bank of the Lakes v. First State Bank*, 708 P.2d 1089, 1091 (Okl.1985).

## V.

■ The test and "universally accepted definition of a 'liability created by statute' is a liability which would not exist but for the statute." *Smith Engineering Works*, 151 P.2d at 407 (citations omitted). "It is not enough to simply state that there is an injury to the rights of another to remove the cause of action from the operation of the three-year statute of limitations. Rather, the inquiry must be whether the statute created the cause of action." *Pecenka v. Alquest*, 6 Kan.App.2d 26, 626 P.2d 802, 805, cert. denied 229 Kan. 670 (1981). If this Court accepted employer's argument, which merely emphasizes the "character" of employee's action, this State's statutory liability section would have no effect than if it were an omnibus law or catch-all clause. See *Hollinger*, 222 P.2d at 137.

Prior to the statutory enactment of the Retaliatory Discharge Act, an at-will employee discharged for exercising rights under the Workers' Compensation Act had no cause of action for retaliatory discharge against the employer. Even at common law, absent a breach of contract, an at-will employee had no cause of action to recover damages for wrongful discharge.

Thus, an employer was not liable to a former employee prior to the adoption of 85 O.S.1981 §§ 5–7. Indeed, employer herein cites no authority for such a pre-existing liability, nor any specific Workers' Compensation Statutes wherein such liability could be imposed in some form irrespective of the Retaliatory Discharge Act. See generally, 54 C.J.S. Limitations of Actions § 73 (1987). Here it is clear that in the absence of the Retaliatory Discharge Act, an at-will employee, in the state of Oklahoma, had no cause of action against his/her employer for wrongful discharge.

The Retaliatory Discharge Act "is not one relating to remedy or procedure; it concerns the substantive rights of the parties and imposes an obligation where none before existed." *Hollinger*, 222 P. at 138. The right to obtain reasonable damages under the Workers' Compensation Act for retaliatory discharge and the right to pursue a wrongful discharge action for exercising the rights afforded under the workers' compensation laws are both purely

statutory rights neither existing at nor stemming from the common law. Accord, *Earnest, Inc. v. LeGrand,* 621 P.2d 1148 (Okl.1980) (death benefits under workers' compensation law are purely statutory).

We find and hold the intent of the Legislature, embodied in 85 O.S.1981 §§ 5–7, created a new and separate cause of "action upon a liability created by statute other than a forfeiture or penalty." Since the cause of action is a new one; which did not formerly exist at common law, or under an at-will employment relationship, and is substantive—and not procedural nor remedial in nature, we conclude that § 95 (Second) is controlling.

Having previously granted Certiorari, we OVERRULE the opinion of the Court of Appeals rendered in *Mullins v. John Zink Co.,* 733 P.2d 888 (Okl.App.1986), and AFFIRM the opinion of the Court of Appeals herein.

OPALA, V.C.J., and LAVENDER, ALMA WILSON, and KAUGER, JJ., concur.

HARGRAVE, C.J., and HODGES, SIMMS and SUMMERS, JJ., dissent.