Cheryl L. **SPIKER**, personal representative of the Estate of Ephraim Robbins, deceased, Appellant,

v.

**FARMERS COOPERATIVE EXCHANGE OF JET,** Oklahoma, Appellee.

No. 72845.

Court of Appeals of Oklahoma, Division No. 4.

Nov. 20, 1990.

Peter M. Keltch, Cherokee, for appellant.

Karig P. Culver, David M. Collins, Gungoll, Jackson & Collins, P.C., Enid, for appellee.

STUBBLEFIELD, Judge.

■ Both parties agree that the trial court erred in granting summary judgment, because the Oklahoma Supreme Court in *Ingram v. Oneok, Inc.*, 775 P.2d 810 (Okla.1989), resolved the question of which statute of limitations is applicable. The court held that the three-year statute of limitations, as provided by 12 O.S.1981 § 95 (Second), is to be applied in a retaliatory discharge action. However, another issue has arisen due to the death of original plaintiff, Ephraim Robbins. The supreme court allowed Plaintiff's personal representative to be substituted for appellant, but did not decide whether a retaliatory discharge action under 85 O.S.1981 § 5, survives the death of Plaintiff. Therefore, we must address that issue.

Defendant Farmers Cooperative Exchange of Jet, Oklahoma, proposes that an action for retaliatory discharge as provided by the Workers' Compensation Act, 85 O.S. 1981 and Supp.1990 §§ 1 through 203, does not survive the death of a plaintiff because it is a purely statutory action, which did not exist at common law, and is founded in tort. Under the common law, the survivability of a cause of action was dependent upon the underlying premise of the action. Survivable actions were those in which the wrong complained of affected principally property rights and/or property interests. The rationale was that the property or estate of the injured person passed to his personal representative, and a cause of action affecting those property rights could achieve its purpose as well after the death of the owner as before. *Barnes Coal Corp. v. Retail Coal Merchants Assoc.*, 128 F.2d 645 (4th Cir.1942). The term property right or interest has been defined as a right or interest of value that can be parted with for some pecuniary consideration or, if lost or impaired, would pecuniarily diminish the estate of the plaintiff. *See* 1 C.J.S. *Abatement and Revival* § 136 (1985).

This rule came to be simplistically recited, as in cases cited by Defendant, as meaning that "where a cause of action is founded in tort, unconnected with contract, and affects the person and not the estate, the action dies with the person." *Columbian Nat'l Ins. Co. v. Lemmons*, 96 Okl. 228, 222 P. 255 (1923) (syllabus 2).

It can certainly be argued that a retaliatory discharge action is at least "connected with contract" because it is based upon a wrongful breach of the employment agreement. However, the designation of the action as a tort is not determinative of its survivability. Indeed, "[t]he real test, so far as tort actions [are] concerned, seems to [be] whether the injury on which the cause of action was based affected property rights, or affected the person alone." *Sullivan v. Associated Billposters and Distributors*, 6 F.2d 1000, 1004 (2d Cir.1925), *quoted in Momand v. Twentieth–Century Fox Film Corp.*, 37 F.Supp. 649 (W.D.Okla.1941).

Furthermore, the common-law rule has been abrogated or modified by the legislature in many states, including Oklahoma. The Oklahoma legislature has promulgated 12 O.S.1981 § 1051, which provides:

In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same.

Under the provisions of section 1051, Plaintiff's cause of action survives if there had been an injury to his real or personal estate.

■ Clearly, herein there was such an injury to personal property, because Plaintiff lost wages which would have and may now pass to his estate if recovered in this lawsuit. Furthermore, loss of benefits, such as costs of premiums for medical insurance which had been provided by Defendant but which Plaintiff was required to purchase after the alleged wrongful termination, if proved, could be an item of actual damages which would constitute "property," to which Plaintiff would have been entitled *prior* to his death and would have been payable to his estate after his death. There clearly has been an injury whereby Plaintiff's personal estate has been diminished by the wrong. *Miller v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 572 F.Supp. 1180 (D.Ga.1983). Therefore, we conclude that, under either the common-law theory of a property right or the statutory provision for survival of an action for an injury to the personal estate, the action did survive the death of Plaintiff.

■ Defendant also claims that Plaintiff's claim for punitive damages should not survive his death. It asserts that in order for this court to determine that the action does survive, we must necessarily find that the action is one in contract, and punitive damages are not allowed in contract actions. This specious argument fails because the survivability of the action is not based upon a finding that it is a contract action.

The survival statute neither authorizes nor prohibits punitive damages. It merely provides that a *cause of action* flowing from the injury to Plaintiff's personal estate, such as that created by the Workers' Compensation Act, survives the death of the injured person. However, as a remedy for the conduct of wrongful termination 85 O.S.Supp.1990 § 6, specifically provides for punitive damages.

The court in *Williams v. ABS Enterprises, Inc.*, 734 P.2d 854, 856 (Okla.Ct.App. 1987), held that where the evidence was sufficient to send the issue of damages for retaliatory discharge under the Workers' Compensation Act to the jury, the trial court was *required* to instruct the jury on punitive damages. *See also Webb v. Dayton Tire and Rubber Co.*, 697 P.2d 519 (Okla.1985). Therefore, we find that the full statutory remedy was available to Plaintiff and that his personal representative is entitled to pursue both actual and punitive damages in this case.

We reverse the judgment of the trial court and remand for further proceedings.

BACON, P.J., and RAPP, J., concur.