**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DEANNA J. WOODS; CURTIS L.
ALPERS, JR.,

        Plaintiffs,

    and

DAVID H. DAVIS; LLOYD D.
NICHOLS; WILLIAM BROWN;
MONTE GIBBS, Personal
representative of the Estate of the
deceased Max Gibbs,

        Plaintiffs - Appellants,

v.

HALLIBURTON COMPANY, a
corporation, d/b/a Halliburton Energy
Services, a Division of Halliburton
Company,

        Defendant - Appellee.

No. 01-6365
D.C. No. CIV-96-1546-A
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**  *

---

Before **HENRY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is from the grant of summary judgment in favor of defendant Halliburton Company (Halliburton or the Company) on plaintiffs' claims brought pursuant to the Employee Retirement Income Security Act (ERISA). The district court held that plaintiffs' ERISA claims were barred by Oklahoma's two-year statute of limitations applicable to employment discrimination actions. "We review a district court's ruling on the applicability of a statute of limitations de novo," *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1290 (10th Cir. 1991), and we affirm.

Plaintiffs, who were all over fifty years of age at the time of the amended complaint, [1] are also all former employees of Halliburton whose jobs were terminated before they became fully vested in Halliburton's various welfare and retirement benefit plans (the Plans) as governed by ERISA. Plaintiffs brought claims under the Age Discrimination in Employment Act of 1967, but those

---

[1] Original plaintiff, Max Gibbs, is now deceased; his personal representative Montie Gibbs brings his claim.

claims are not at issue here. We are only concerned with the ERISA claims and whether the district court correctly held them to be barred by Oklahoma's two-year statute of limitations.

The complaint alleges that plaintiffs were terminated, in part, to prevent them from attaining vested rights under the Plans in violation of 29 U.S.C. § 1140. Section 1140 is enforced through private actions authorized by 29 U.S.C. § 1132(a)(3) which provides for a civil action "to enjoin any act or practice which violates any provision of [subchapter I of ERISA]" or "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [subchapter I of ERISA]." 29 U.S.C. § 1132(a)(3) (ERISA § 502)).

"ERISA does not expressly provide a limitation period for actions (including [§ 1140] actions) brought under [§ 1132]." *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1199 (10th Cir. 1990). The appropriate course, therefore, is for the district court to borrow an analogous statute of limitations from state law. *Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989). This court has determined that a claim for employment discrimination is the most analogous state claim for relief in an action brought under § 1140. *Held*, 912 F.2d at 1205. *Held,* however, does not specify which type of employment discrimination is to serve as the state paradigm. The district court relied on *Duncan v. City of Nichols Hills*, 913 P.2d 1303, 1310 (Okla. 1996), which applied

the two-year statute of limitations specifically provided for employment discrimination claims based on handicap and codified in Okla. stat. tit. 25, § 1901 (E) as part of Oklahoma's Anti-Discrimination Act.

We note, however, that Oklahoma also recognizes other limited types of employment discrimination claims from which the ERISA statute of limitations could be borrowed. These claims include private causes of action under Oklahoma's exception to the at-will employment doctrine. *See, e.g., Collier v. Insignia Fin. Group*, 981 P.2d 321, 324-26 (Okla. 1999) (quid pro quo sexual harassment); *Tate v. Browning-Ferris, Inc.*, 833 P.2d 1218, 1220-21 (Okla. 1992) (racial discrimination). Claims of this type are referred to as *Burk* public policy torts, taking their name from the seminal case *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989). *See Collier*, 981 P.2d at 323; *see also Webb v. Dayton Tire & Rubber Co.*, 697 P.2d 519, 522-23 (Okla. 1985) (characterizing retaliatory discharge claim as civil tort).

As tort claims, these public policy torts are subject to Oklahoma's two-year statute of limitations. *See* Okla. stat. tit. 12, § 95(3). Unless a statute specifically provides the basis of recovery, *see, e.g., Duncan*, 913 P.2d 1306; *see also Ingram v. Oneok, Inc.*, 775 P.2d 810 (Okla. 1989) (action under Workers' Compensation Retaliatory Discharge Act), employment discrimination claims in Oklahoma are treated as tort claims, and because tort claims have a two-year limitations period,

the § 1140 claims of all plaintiffs, which were brought more than two years after they accrued, were time-barred.

In opposition to this reasoning, plaintiffs maintain that their claims are essentially ones for liability created by statute and should be subject to the three-year limitation period explored in *Ingram,* 775 P.2d at 812. *Ingram*, however, was a case brought under Oklahoma's Workers' Compensation Retaliatory Discharge Act. Because the Act itself did not prescribe a specific limitations period, the Oklahoma Supreme Court determined that the applicable statute of limitations was the three-year period provided for actions on liability created by statute and contained in Okla. stat. tit. 12, § 95(2). *Id.* at 811-14.

Plaintiffs' *Ingram* argument, however, cannot stand in the face of *Held*. We note that *Held* was decided after *Ingram* and clearly holds that § 1140 actions are analogous to employment discrimination claims. *Held*, 912 F.2d at 1205. As discussed above, those claims are governed in Oklahoma by a two-year limitations period. Because *Held* holds that § 1140 claims are analogous to employment discrimination claims, plaintiffs' argument that they should, instead, be analogous to claims brought under Oklahoma's Workers' Compensation Retaliatory Discharge Act cannot prevail.

Plaintiffs further argue that the New York statute of limitations applied in *Held* is identical to Okla. stat. tit. 12, § 95(2) and provides a three-year limitation

period for actions upon liability created by statute. *Held*, however, relies on *Murphy v. American Home Products Corp.*, 448 N.E.2d 86 (N.Y. 1983), for the proposition that "the limitation period for commencing a judicial action for unlawful discrimination in employment is the three-year period of N.Y.Civ.Prac.L. & R. § 214(2)." *Held*, 912 F.2d at 1205. We have found no similar Oklahoma law characterizing general employment discrimination claims as claims for liability created by statute. As mentioned above, unless specifically grounded in statute, *see Ingram*, 775 P.2d 810, Oklahoma treats employment discrimination claims like tort claims and imposes a two-year limitations period.

Neither are we persuaded by plaintiffs' argument that their § 1140 claims are analogous to claims for breach of contract. In *Held*, we cited *Amaro v. Continental Can Co.*, 724 F.2d 747 (9th Cir. 1984), with approval. *Held*, 912 F.2d at 1204. *Amaro* concluded that § 1140 claims do not arise from breach of contract, *see Amaro*, 724 F.2d at 751, and are not analogous to an action for breach of an implied covenant of good faith, *id.* at 749.

In an attempt to avoid the limitations problem with their § 1140 claims, plaintiffs argue that they also brought claims to recover benefits due under the Plans pursuant to 29 U.S.C. § 1132(a)(1)(B). Such claims are most analogous to actions on a contract, *Held*, 912 F.2d at 1206-07, and are subject to a five-year

-6-

limitation period, *Wright*, 925 F.2d at 1291. Plaintiffs strenuously argue that a similar result should obtain here.

The district court rejected plaintiffs' attempt to cast their claims as ones to recover benefits due under the Plans, characterizing it as "disingenuous and ineffective." Aplt. App. at 336. The court further stated: "[t]he Court has scoured the pending complaint . . . and has determined unequivocally that it states no such claim. It identifies no particular benefit to which plaintiffs allegedly are entitled under the provisions of a specific plan. . . . The only logical reading of the complaint is that the prayer for reinstatement of benefits or compensation for lost benefits . . . refers to benefits to which plaintiffs would have been entitled but for their terminations. This relief hinges on proof that terminations were unlawful, that is, equitable relief under § 1132(a)(3) for violation of § 1140." Aplt. App. at 336-37.

Although plaintiffs' complaint is not a model of clarity, we think it at least debatable whether it states claims under § 1132(a)(1)(B). What is not debatable, however, is that plaintiffs have pointed to no evidence that they have exhausted their administrative remedies on these claims. In contrast to claims under § 1140, "exhaustion of administrative (i.e., company- or plan-provided) remedies is an implicit prerequisite to seeking judicial relief [for claims for benefits due under a plan]." *Held*, 912 F.2d at 1206. We agree with the district court that the

complaint "contains no allegation that plaintiffs applied for and wrongfully were denied benefits, or that they have exhausted administrative remedies." Aplt. App. at 336. Plaintiffs point to no evidence in the record to rebut this conclusion. To the extent plaintiffs contend they advanced claims for clarification of future benefits under § 1132(a)(1)(B), any such claims also appear to be unexhausted.

Plaintiffs argue that the district court incorrectly relied on *Held* for the proposition that § 1132(a)(1) applies "only to claims for benefits previously requested but denied, and not to claims for denied 'future benefits.'" Aplt. Opening Br. at 9 n.4. The district court correctly applied *Held* and did not hold that § 1132(a)(1) does not apply to future benefits. Indeed, in *Held*, the plaintiff was in a similar position to plaintiffs here: his employment had been terminated one month before he would have been vested in the company pension plan. Nevertheless, this court required exhaustion and remanded the case to determine whether the plaintiff had exhausted his administrative remedies with regard to those putative future benefits. *Held*, 912 F.2d at 1206-07. The district court did not "implicitly reject[] the idea that § 1132(a)(1) can be applied to a claim concerning denied ' future benefits .'" Aplt. Opening Br. at 9. It correctly followed *Held* and required plaintiffs to show they had exhausted their remedies in attempting to recover their rights to future benefits.

Nor did the district court follow the dissent in *Held* to the exclusion of the majority holding. Contrary to plaintiff's reading, *Held* did not hold that a "§ 1140 claim gives rise to two separate claims for relief, first a claim for equitable or declaratory relief under 29 U.S.C. § 1132(a)(3)(B) . . . and second, a claim for the recovery of pension benefits and damages under 29 U.S.C. § 1132(a)(1)(B) . . . ." Reply Br. at 5 n.4. In contrast to these plaintiffs, the plaintiff in *Held* clearly stated a separate claim for benefits due under the plan. *Held*, 912 F.2d at 1204. That is the reason *Held* dealt with the two claims separately, not because a claim under § 1140 automatically presents a § 1132(a)(1)(B) claim as well.

The district court properly granted summary judgment to defendant on plaintiffs' ERISA claims. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-9-